**In re Joseph & Elaine PRIMACK, Debtors.**

**Richard WANGER, Plaintiff,**

**v.**

**Joseph & Elaine PRIMACK, Defendants.**

**Bankruptcy No. 87–01464–BKC–TCB.**
**Adv. No. 87–0462–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

Dec. 18, 1987.

---

Richard Wedgle, Denver, Colo., for plaintiff.

Joel M. Aresty, Kelly, Drye & Warren, including Smathers & Thompson, Miami, Fla., for defendants.

D. Jean Ryan, Law Offices of Patricia Redmond, Miami, Fla., for trustee.

Gui Govaert, Miami, Fla., trustee.

John L. Britton, Ft. Lauderdale, Fla., for Commercial Federal Sav. & Loan.

Steven C. Dupre, Baynard, Harrell, Mascara & Ostow, P.A., St. Petersburg, Fla., for Sun Sav. & Loan Assn.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff/creditor seeks denial of the debtors' discharges under 11 U.S.C. § 727(a)(2)(A) or exception of his claim from their discharges under § 523(a)(2)(A). Ruling was reserved (C.P. No. 12) on the debtors' motion to dismiss (C.P. No. 5). The debtors have answered and the matter was tried November 5. I conclude that plaintiff has failed to establish either count and that the complaint must be dismissed with prejudice.

■ Plaintiff's post-trial motion to amend his complaint (C.P. No. 13) attempts to add a third cause of action to avoid transfers allegedly fraudulent under Florida and Colorado law. This is a chapter 7 bankruptcy being administered by a trustee. This cause of action is vested in the trustee, § 544, and plaintiff lacks standing to assert this proposed third claim. The proposed amendment makes no change with respect to the original two counts, summarized above. The motion is, therefore, denied.

Because plaintiff's proof contains considerable detail irrelevant to his two counts and because his argument contains a number of statements not supported by the evidence, it is important to note that the deadline established for causes of action under § 727 and § 523(a)(2), (4) and (6) was October 6, 1987. (C.P. 38, File No. 87–01464) After that date, plaintiff cannot assert a new cause of action or expand a timely allegation. I have, therefore, considered only the evidence presented at the trial which is relevant to the two counts originally alleged and repeated in the proposed amendment.

### Count 1: § 727(a)(2)(A)

■ Plaintiff's "first claim for relief", though it makes no reference to the statute, tracks § 727(a)(2)(A) which prohibits discharge to a debtor who, with intent to hinder, delay or defraud, transfers, removes or conceals his property *within one year before the date of the filing of the petition.* That petition was filed in this case on April 30, 1987.

Plaintiff alleges two instances of transfer, removal or concealment:

"A transfer, removal or concealment of property has occurred [1] with respect to the cash payments made to and from Samuel Primack and [2] the large cash payment for the Florida home." Complaint ¶ 27.

■ The only date alleged with respect to the cash payments made to Samuel Primack is as follows:

"Upon information and belief, certain transfers of monies to Sam Primack were made by Joseph Primack during this time period [throughout 1985]." Complaint ¶ 7 and ¶ 9.

The year before bankruptcy began on April 30, 1986, four months *after* the act alleged to be a prohibited transfer, removal or concealment.

The evidence is consistent with the allegation. The debtor husband paid his brother, Samuel Primack, $100,000 on November 1, 1985. There is no evidence of any cash payment to Samuel Primack within one

year before bankruptcy. Of course, a cash payment *from* Samuel to the debtor husband could not constitute a ground for denial of discharge.

There is no allegation nor any proof that the debtor wife transferred any money at any time to Samuel Primack.

Though not made explicitly, this allegation could arguably constitute an allegation that the payment was concealed and that the concealment persisted past April 30, 1986. If so, I find no concealment of the payment and no intent by that payment to hinder, delay or defraud any creditor.

■ The "large cash payment for the Florida home" occurred at the closing held December 31, 1985 pursuant to an earlier contract, when $450,000 of his personal funds was paid by the debtor husband as a down payment on the $528,000 purchase price of a Florida home. He and his wife live there and the property has been claimed in their bankruptcy as exempt from the claims of creditors.

Here again the gravamen for this charge occurred four months before it could constitute either a transfer or a removal actionable under § 727(a)(2)(A).

There is no evidence of any act suggesting that the move to Florida or the details of the closing were concealed in any respect. If, however, either was concealed, I find no intent on the part of either debtor to hinder, delay or defraud any person by such concealment.

I believe that the move to Florida, the purchase of the Florida homestead, and the large down payment were partially motivated by an awareness that under Florida law the entire homestead is shielded from creditors, while only $20,000 is shielded in a Colorado homestead, the debtors' former residence for 23 years. That could have motivated the *removal* of the down payment, but the removal occurred long before April 30, 1986. The intent behind removal is thus irrelevant in this action.

If, therefore, plaintiff has alleged any act on the part of either debtor which could be a predicate for denial of discharge, plaintiff has failed to prove that allegation.

As is apparent from the foregoing discussion, it is not necessary here to determine under what circumstances, if ever, the deliberate conversion of non-exempt assets into exempt assets before bankruptcy for the purpose of shielding those assets from creditors may constitute a fraudulent transfer, removal or concealment actionable under § 727(a)(2)(A). *See Matter of Reed,* 700 F.2d 986, 990–91 (5th Cir.1983). Therefore, I make no finding and express no conclusion with respect to that issue.

### Count 2: § 523(a)(2)(A)

■ Plaintiff's "second claim for relief", though it makes no reference to the statute, tracks § 523(a)(2)(A), which excepts from discharge a debt for money obtained by "a false representation". The allegedly false representation was:

> "A representation was made by the Debtor Joseph Primack to Richard Wanger regarding his ability and intent to repay the $150,000 note executed by Joseph Primack in favor of Richard Wanger." Complaint ¶ 33.

A corporate note, signed by plaintiff's brother as the president, for $150,000 was given to plaintiff on September 1, 1985. The debtor husband, an officer and shareholder, is a co-maker. The note is due and unpaid. The debtor wife is not indebted to plaintiff.

The evidence before me is undisputed that neither debtor made any representation to plaintiff before the funds were advanced to the corporation or when the note was renewed in September, 1985.

Plaintiff has failed to prove Count 2.

### Debtors' Motion For Sanctions Under B.R. 9011

■ The debtors' Answer (C.P. No. 11 ¶ 46) contains a prayer for sanctions under B.R. 9011 against plaintiff and his counsel. I agree and find that this Complaint is not "well grounded in fact" nor is it "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law."

There is no indication in this record that counsel was misled as to the facts or pressed as to the legal conclusions asserted in this Complaint. No sanction under this Rule, therefore, is warranted against the plaintiff.

The appropriate sanction against plaintiff's counsel is the reasonable expense incurred in defending this action, including a reasonable attorney's fee. The debtors' counsel is directed to present by motion *within 10 days* a detailed statement of the expense incurred which will be accorded a separate hearing.

### Damages Under § 523(d)

There is a mandatory provision in § 523(d) for:

"judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding [an unsuccessful action under § 523(a)(2)] if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fee if special circumstances would make the award unjust."

I find that the position of the creditor was not substantially justified with respect to Count 2 which was asserted under § 523(a)(2).

As has been said, I find that the damages recoverable by the debtors on this account are subsumed in the foregoing finding for sanctions under B.R. 9011. I also find that if either debtor recovers his expenses from plaintiff's counsel under Rule 9011, that would make a separate award to that debtor against plaintiff unjust.

In view of these circumstances, and to facilitate appellate review, debtors' counsel is directed to allocate in his motion that part of the total expense incurred in defending this adversary proceeding which is attributable to Count 2. In view of the fact that each defendant debtor has a separate entitlement to recover the expense of defending this action against that debtor, counsel is also directed to apportion the expenses between the two debtors.

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the Complaint with prejudice and awarding judgment to the debtors against Richard J. Wedgle, Wedgle & Shpall, P.C. in the amount, to be fixed by separate order, of the reasonable expense incurred by the debtors in defending this action.