**In re Raymond John FRITZ Debtor.**

**K.D. HOMES, INC., Plaintiff,**

**v.**

**Raymond John FRITZ, Defendant.**

**Bankruptcy No. 88–00570–BKC–TCB.**
**Adv. No. 88–0226–BKC–TCB–A.**

United States Bankruptcy Court,
S.D. Florida.

July 14, 1988.

James E. Copeland, Palm Beach Gardens, Fla., for plaintiff.

Preston Mighdoll, Lake Worth, Fla., for defendant.

Douglass E. Wendel, trustee.

## MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

The plaintiff creditor seeks exception from discharge under 11 U.S.C. § 523(a)(2)(A) for its $22,307 judgment.[1] The debtor has answered and the matter was tried July 13.

The debtor's answer incorporates an assertion that the complaint fails to state a cause of action. I agree and conclude that plaintiff cannot amend to state any ground for relief.

The complaint alleges that the debtor, as an electrical subcontractor, performed subcontract work for plaintiff and represented that he had worker's compensation insurance in force at the time of the contract; that there was no such coverage in effect on March 30, 1985, the day that one of the debtor's employees was injured while in the

---

1. The judgment contains three counts for the same relief. Though one count alleges fraud, the other two charge breach of contract and simple negligence. The judgment contains no findings and offers no indication which count or counts were proved.

course and scope of his employment; and that plaintiff was obliged to pay $16,000 in medical and indemnity benefits to the debtor's employee and was obliged to employ counsel to defend the employee's compensation claim. (CP 1, ¶¶ 3 through 6 and attached exhibit).

█ Plaintiff expressly acknowledged at trial and it is clear from its complaint [2] that it seeks exception from discharge under the ground specified in § 523(a)(2)(A). That subparagraph excepts from discharge:

"any debt ... (2) for money ... to the extent *obtained* by (A) ... a false representation ... ." (Emphasis added).

Although (it is alleged that) the plaintiff creditor suffered a monetary loss resulting from the debtor's false representation, there is no allegation, nor can plaintiff allege, that *the debtor obtained,* either directly or indirectly, any of the lost money by his false misrepresentation.

At the outset it should be noted that exception to the operation of a discharge in bankruptcy should be narrowly construed. *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915); *In re Hunter,* 780 F.2d 1577, 1579 (11th Cir. 1986).

As stated at 3 *Collier on Bankruptcy,* 15th Ed., ¶ 523.08 [1]:

"In order that a debt may come within the present exception, money, property or services, or an extension, renewal or refinancing of credit *must actually have been obtained by the false pretenses or representations* or by means of actual fraud."

This had been the settled interpretation of the precursor of § 523(a)(2)(A) since 1913. Id. at note 3, cases collected. There is no suggestion in the language of the present statute or its legislative history of any legislative intent to depart from that interpretation. *J.C. Penney Co., Inc., v. Bonefas (In re Bonefas),* 41 B.R. 74, 77 (Bankr.N.D.Iowa 1984).

Plaintiff relies upon *In re Haddad,* 21 B.R. 421, 422 (B.A.P.9th Cir.1982), which contains no discussion or even reference to this point. As that court stated:

"The question presented is, is the surviving partner's failure to disclose his possession of $1,000,000 in partnership funds at a time when the deceased partner's widow is asked to pay a partnership debt, a false representation or fraud under 11 U.S.C. § 523(a)(2)? We hold that the debtor did have a duty of disclosure and reverse, [*In re Haddad*] 10 B.R. 276 [Bankr.Nev.1981]."

It is clear from that decision that the debtor as the surviving partner obtained partnership funds from the widow of his former partner by fraudulently inducing her to pay a partnership debt in the belief that the partnership could not. The court noted (at 424):

"we note that when Tom [the debtor/surviving partner] filed bankruptcy some 11 months later, he still had $400,-000 [partnership assets] which he claimed as exempt as life insurance proceeds ... ."

*Haddad* is not, as plaintiff argues, authority for the proposition that plaintiff need not prove that the money he lost was "obtained" by the debtor, but need only prove that plaintiff suffered a loss caused by the debtor's falsehood.

Plaintiff's interpretation accords no meaning or purpose to the word "obtained" and treats it as though Congress had substituted the word "caused". It is axiomatic that statutes must be construed so as to give effect to every word.

*Plaintiff's Remaining Cause of Action*

█ As is indicated by the caption (note 1 *supra*), the complaint also alleges that after the employee was injured, the debtor transferred assets in an attempt to hinder and prevent plaintiff from recovering upon its claim and judgment, and plaintiff prays

---

**2.** The caption of the complaint is: "Complaint to Determine Dischargeability and/or Improper Transfer of Assets." The statute invoked (¶ 2) is § 523. The prayer (¶ 10) is that:

"the debt of the Plaintiff should be determined nondischargeable as a result of fraudulent acts of the Defendant...."

that "said transfers should be set aside." (CP 1 ¶¶ 7 and 10).

Of course, this additional cause of action and prayer is available only to the bankruptcy trustee, not to a creditor. § 544(b) and § 548(a). *In re Chase & Sanborn Corp.*, 813 F.2d 1177, 1180 n. 1 (11th Cir. 1987) (aff'g *Nordberg v. Sanchez*, No. 85–1041 (Bankr S.D.Fla. Oct. 7, 1985)); *In re Curry and Sorensen*, 57 B.R. 824, 828–29 (B.A.P. 9th Cir.1986). This plaintiff lacks standing to assert this cause of action.

### *Plaintiff's Oral Motion to Amend*

■ At trial, recognizing its inability to establish an exception to discharge under § 523, plaintiff orally asked leave to amend in order to seek denial of the debtor's discharge under § 727. One ground for the denial of the debtor's discharge is a fraudulent transfer or concealment of property within the year before or during bankruptcy. § 727(a)(2). That motion is denied.

As is required by Bankruptcy Rule 4004(a) a deadline for the filing of complaints objecting to the debtor's discharge under § 727 must be set within 60 days after the first meeting of creditors. In this case, the deadline was May 16, 1988. CP 4 in File No. 88–00570. The Rule permits extension of the deadline, but only upon application made before the deadline. B.R. 4004(b). Plaintiff's motion was made almost two months after the expiration of the deadline.

To permit plaintiff now, after the mandated deadline, to amend a complaint seeking exception from discharge under § 523 to assert a cause of action denying discharge under § 727 would defeat the purpose of the Rule. As stated at 4 *Collier on Bankruptcy*, 15th Ed., 727.14[4]:

> "After expiration of the time fixed by the court for the filing of a complaint objecting to discharge, additional or new grounds of objection may not be added by way of amendment, unless the court first grants an extension of time ... ."

As is required by B.R. 9021(a), a separate judgment will be entered dismissing the complaint without leave to amend.

DONE and ORDERED in Miami, Florida this 14th day of July, 1988.