SURF N SUN APTS., INC., R.D.M.H., Inc., Appellants,

v.

Richard J. DEMPSEY, Appellee.

No. CIV. A. 98–780–CIV–ORL–18C.

United States District Court,
M.D. Florida,
Orlando Division.

Sept. 27, 1999.

Barry Apfelbaum, Barry Apfelbaum, P.A., Orlando, FL, for R.D.M.H., Inc.

Peter N. Hill, Wolff, Hill, McFarlin & Herron, P.A., Orlando, FL, for Surf N Sun Apts., Inc.

Richard J. Dempsey, Cape Canaveral, FL, pro se.

## ORDER

G. KENDALL SHARP, Senior District Judge.

The central issue on appeal is whether the bankruptcy court erred as a matter of law by granting an individual judgment creditor standing to prosecute a fraudulent transfer action on behalf of the Chapter 7 bankruptcy estate. This Court has jurisdiction pursuant to 28 U.S.C. § 158 and reviews the bankruptcy court's legal conclusions de novo. *See In re Goerg*, 930 F.2d 1563 (11th Cir.1991). After analyzing the salient Bankruptcy Code provisions and case law, the Court holds that the Code does not vest bankruptcy courts with the power to grant standing to individual creditors to prosecute such actions and vacates the order entered below.

Appellee, Richard J. Dempsey ("Dempsey"), is an individual judgment creditor of debtor R.D.M.H., Inc. Frustrated by the trustee's asset recovery efforts to date, Dempsey filed a motion for authority to file suit to recover fraudulent transfers of the debtors' property arguing that "[t]he trustee does not have the resources to aggressively pursue the available actions to recover transferred assets." (R.14 at 2.) To show that he possessed the resources to aggressively pursue the assets, Dempsey informed the court of his pending state court garnishment action to recover funds held in the name of Magma Trading Corporation, the alleged fraudulent transferee. (R.14 at 1.)

At hearing, the trustee[1] did not object to the general "concept of allowing somebody to pursue assets to bring them into the estate." (R.16 at 5.) The trustee did object, however, to Dempsey in particular being the one to take such actions on behalf of the estate. (R.16 at 5–7.) Making the point, the trustee noted that Dempsey's state court action violated both the automatic stay and a standing bankruptcy court order forbidding Dempsey from bringing such actions. (R.16 at 5–6.) Moreover, the trustee explained that Dempsey's requested relief was wholly unnecessary because special counsel was pursuing the assets held by Magma. (R.16 at 13.) Bolstering the trustee's objections, debtors forewarned the court about the dangers of authorizing Dempsey to act on behalf of the estate given his unpredictable track record and because his interests are adverse to those of the estate.[2] (R.16 at 12.)

---

1. Special Counsel represented the trustee at the hearing.

2. Since the entry of the court's order, Appellants claim that Dempsey "has created a virtual nightmare for the state court system in Brevard County, to the point where the trustee has recently brought a motion, through special counsel, for an order declaring that Dempsey is not the trustee's agent. Not sur-

Despite these objections, the court entered an order granting Dempsey broad authority to conduct investigations to locate estate assets and "to take all actions to recover property that was fraudulent [sic] transferred by the debtor, other persons and entities." (Order on Motion for Authority, R.8.). That order is the subject of this appeal.

Appellants contend that the bankruptcy court erred as a matter of law in entering this order because only the trustee has standing to prosecute fraudulent transfer actions on behalf of the estate under the Code. In response, Dempsey argues that 11 U.S.C. § 503(b)(3)(B) supplies the bankruptcy court with the necessary authority to grant creditors standing to bring such actions.

■ Dempsey's reliance on 11 U.S.C. § 503(b)(3)(B) is misplaced. That section permits a creditor to seek reimbursement for the "actual, necessary [administrative] expenses" incurred by "a creditor that recovers, after the court's approval, for the benefit of the estate any property transferred or concealed by the debtor." 11 U.S.C. § 503(b)(3)(B). Federal courts have consistently held that § 503(b)(3)(B) does not confer standing to creditors to sue on behalf of the bankruptcy estate. *See In re Vogel Van & Storage, Inc.*, 210 B.R. 27, 32, n. 4 (N.D.N.Y.1997) (section 503(b)(3)(B) "does not itself confer standing; rather, it merely authorizes the recovery of certain expenses."); *In re SRJ Enters.*, 151 B.R. 189, 193, n. 1 (Bankr. N.D.Ill.1993) (section 503(b)(3)(B) "does not confer standing; it only authorizes recovery of expenses to a creditor who successfully recovered property, which is to say, a creditor who had standing in the first place.") The point being settled, the Court turns its focus to the Code section governing fraudulent transfers to examine whether it includes the necessary grant of authority. *See* 11 U.S.C. § 548.

Section 548 contains a singular grant of authority to the trustee to avoid fraudulent transfers of a debtor's property for the benefit of all creditors. *See Id.* In pertinent part, that section provides that the *"trustee may avoid* any transfer of an interest of the debtor in property. . . ." 11 U.S.C. § 548(a) (emphasis added). Although Congress, through section 548, expressly granted standing to the trustee to bring such actions, it said nothing about granting creditors, debtors or anyone else the equivalent power. Where Congress deemed it beneficial to give particular rights and powers to creditors and debtors, it did so expressly. *See, e.g.,* 11 U.S.C. § 522(h) (expressly granting debtor standing to invoke the trustee's section 548 avoidance power in certain circumstances); 11 U.S.C. § 1107 (granting specific trustee powers to Chapter 11 debtor in possession); 11 U.S.C. § 1303 (granting specific trustee powers to Chapter 13 debtor); 11 U.S.C. § 553 (granting creditors power to exercise setoff rights in certain circumstances). Unlike the aforementioned Code sections, Congress made no express provision for creditors in section 548. *See In re Ross*, 1997 WL 92044, at *2 (Bankr. M.D.Fla.1997) (denying judgment creditor relief from automatic stay to pursue state court fraudulent conveyance action "because it lacks standing and such a right is vested in the Trustee."); *In re Fritz*, 88 B.R. 434, 436 (Bankr.S.D.Fla.1988) (fraudulent transfer action "is available only to the bankruptcy trustee, not a creditor."); *In re Primack*, 81 B.R. 711 (Bankr. S.D.Fla.1987) (denying creditor leave to amend complaint to add fraudulent transfer claim due to lack of standing); *In re Van Brock*, 33 B.R. 546, 547 (Bankr.

prisingly, based on the course these cases have taken, the court granted the motion, leaving one to wonder exactly who or what Dempsey is or what he is supposed to be doing." (Doc. 10 at 9.) The Court takes judicial notice of the fact that the State of Florida is currently prosecuting Dempsey for trespass and criminal mischief based upon conduct related to his asset recovery efforts. (Case No.: 99–18467–MMA, In the County Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.)

S.D.Fla.1983) (dismissing creditor's section 548 claim because "[t]hat statutory cause of action may be asserted only by a trustee . . . .")

Notwithstanding the lack of conferring language in section 548, some federal courts have crafted a limited exception allowing bankruptcy courts to grant "derivative standing" to creditors institute avoidance actions on behalf of the estate upon "showings of particularly extraordinary circumstances." *In re V. Savino Oil & Heating Co.*, 91 B.R. 655, 657 (Bankr. E.D.N.Y.1988).[3] Although this exception was conceived in the context of Chapter 11, at least two district courts have applied it in Chapter 7 cases. *See In re Munoz*, 111 B.R. 928 (D.Colo.1990); *In re Vogel Van & Storage, Inc.*, 210 B.R. 27 (N.D.N.Y.1997). Recognizing the lack of support in the Code for this exception, courts attempt to justify it by explaining that "it is equity, not the Code, that is the basis for allowing [creditors] derivative standing to pursue the trustee's powers." *In re SRJ Enterprises, Inc.*, 151 B.R. 189, 194 (Bankr.N.D.Ill.1993).

 The bankruptcy court's equitable powers spring from section 105 which provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Although section 105 endows bankruptcy courts with general equitable powers, the "Bankruptcy Court's exercise of its equitable powers must be strictly confined within the prescribed limits of the Bankruptcy Act." *In the Matter of Texas Consumer Finance Corp.*, 480 F.2d 1261, 1265 (5th Cir.1973). Indeed, "[w]hile a bankruptcy court is a court of equity, it is necessarily bound by the rules Congress has adopted to guide its deliberations." *In the Matter of Levens*, 563 F.2d 1223, 1224 (5th Cir. 1977). Agreeing wholeheartedly, the United States Supreme Court has made it perfectly clear that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988).

 In light of the Supreme Court's instruction, this Court respectfully declines to unilaterally expand the confines of section 548 under the guise of equity by adopting the judicially crafted "extraordinary circumstances" exception to Congress' singular grant of standing to the trustee.[4] Fairly recently, in a case interpreting section 548, the Supreme Court reiterated the long established principle that " 'it is generally presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another.' " *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S.Ct. 1757, 1761, 128 L.Ed.2d 556 (1994) (citation omitted). When coupled with the fact that Congress carefully reexamined and rewrote much of the Code in 1978, the only logical conclusion is that the text of the Code as enacted reflects the deliberate choice of Congress. *See Union Bank v. Wolas*, 502 U.S. 151, 160, 112 S.Ct. 527, 532, 116 L.Ed.2d 514 (1991).[5] And where "the statute's lan-

---

**3.** *See, e.g., In the Matter of Pointer*, 952 F.2d 82, 88 (5th Cir.1992), *citing In re V. Savino*, 91 B.R. at 656–57 ("This is not to suggest that a bankruptcy court can never authorize an avoidance action on behalf of the estate by an individual creditor in a Chapter 11 case. Fair and orderly bankruptcy administration, however, would dictate that such authority might be granted upon showings of particularly extraordinary circumstances."); *In re The Gibson Group*, 66 F.3d 1436, 1438 (6th Cir.1995) ("We believe that Congress has not precluded the bankruptcy court from granting standing to a creditor if such standing furthers Congress's purpose in creating the avoidance actions found in 11 U.S.C. §§ 547 and 548 in the context of a Chapter 11 reorganization.")

**4.** Even if the Court did adopt this exception, Dempsey has failed to set forth any extraordinary circumstances or reasons to justify the remarkable relief he seeks.

**5.** In *Union Bank*, the Supreme Court noted that "the House Committee Report concludes its discussion of the trustee's avoidance pow-

guage is plain, 'the, sole function of the courts is to enforce it according to its terms.'" *United States v. Ron Pair Enter., Inc.*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989), *quoting Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

Congress' demonstrated willingness and ability to expressly vest creditors with various rights and powers in other Code sections compels the conclusion that section 548's silence as to creditors was intentional rather than accidental. The plain meaning of section 548 is obvious: "the Chapter 7 trustee has standing to pursue the action to the exclusion of all other affected parties, including creditors either individually or as a group." *In re Adam Furniture Indus.*, 191 B.R. 249, 253 (Bankr.S.D.Ga. 1996). In light of section 548's plain and unambiguous language, this Court's sole function is to enforce it according to its terms. Consequently, the Court holds that the Bankruptcy Court erred as a matter of law in granting Dempsey standing to prosecute a fraudulent transfer action on behalf of the Chapter 7 bankruptcy estate.[6] That power belongs to the bankruptcy trustee alone.

■ As a creditor of the Chapter 7 estate, Dempsey is not without recourse should the trustee shirk his statutory duty to pursue worthwhile fraudulent transfer actions. Under section 704, the Chapter 7 trustee has a duty to investigate the financial affairs of the debtor and collect and reduce to money the property of the estate for the benefit of all creditors. 11 U.S.C. § 704. To this end, Congress equipped the trustee with discretionary authority to avoid fraudulent transfers of the debtor's property. Before undertaking such actions, the trustee must, however, complete a cost-benefit analysis to determine whether the contemplated litigation is in the best interests of *all* creditors. Relevant factors include realistic assessments of the probability of success, the potential net benefit to the estate, and the litigation burden on the estate in terms of time and cost. To be sure, only the trustee possesses the level of neutrality necessary to make an unbiased assessment of the determinative factors. Common sense teaches that a disappointed creditor with an axe to grind is not likely to remain neutral in its assessment and balancing of these factors. Against this backdrop, Congress' singular grant of standing to the trustee makes vivid sense.

■ If a creditor desires the trustee to avoid a particular transfer of the debtor's property, the creditor should voluntarily provide the trustee with all relevant facts and evidence in the creditor's possession and persuade the trustee to take action. After weighing the relevant factors, the trustee may or may not conclude that the recommended action is in the best interests of *all* creditors. If the trustee exercises his discretion to not pursue the action, the creditor may move the court to compel the trustee to act or, alternatively, seek removal of the trustee for abuse of discretion. *See* 11 U.S.C. § 324. The bankruptcy court may not, however, unilaterally confer standing upon the creditor to pursue the claim itself. If such

ers with the observation that the language in the preference section of the earlier Bankruptcy Act was 'hopelessly complex' and had been 'subject to varying interpretations. The bill undoes the numerous amendments that have been heaped on section 60 during the past 40 years, and proposes a unified and coherent section to deal with the problems created by prebankruptcy preferential trans-

fers.' H.R.Rep. No. 95–595, p. 179 (1977), U.S.Code Cong. & Admin.News 1978, p. 6139."

6. The Court does not reach the issue of whether the "extraordinary circumstances" exception is available in the context of Chapter 11.

authority is to be granted, it must come from Congress and not the courts.

Accordingly, the order on appeal is hereby **VACATED** and **REMANDED** to the Bankruptcy Court for further proceedings consistent with this order.