**In re SCOTT WETZEL SERVICES, INC., Debtor.**

**Larry S. Hyman, Chapter 7 Trustee for Scott Wetzel Services, Inc., Plaintiff,**

**v.**

**Judith Harrold, Defendant.**

**Bankruptcy No. 98–18366–8P7. Adversary No. 02–757.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 19, 2003.

Jeffrey W. Warren, Tampa, FL, for plaintiff.

Dennis J. LeVine, Tampa, FL, for defendant.

### ORDER ON DEFENDANT'S AMEND-ED MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR JUDGMENT ON THE PLEADINGS

(Doc. No. 23)

ALEXANDER L. PASKAY, Chief Judge.

The matter under consideration in this Chapter 7 case is Defendant's Amended Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings (Doc. No. 23), filed by Judith Harrold (Ms. Harrold), in which she seeks the entry of an Order by this Court dismissing the above-captioned adversary proceeding initiated by Larry S. Hyman, the Chapter 7 Trustee (Trustee) of the estate of Scott Wetzel Services, Inc. (SWS). Ms. Harrold is the only named defendant in the Complaint filed the Trustee.

The Complaint under attack sets forth four claims. The claim in Count I is based on *Fla. Stat.* § 222.30 and is based on the allegation that Ms. Harrold fraudulently converted non-exempt assets into exempt assets. The claim in Count II is based on *Fla. Stat.* § 726.105, and charges Ms. Harrold of transferring properties with the actual intent to defraud creditors. In Count III, the Trustee seeks the imposition of a constructive trust. And, finally, the claim in Count IV is for an injunction against First Colony Life Insurance Company, who is not a named defendant in this adversary proceeding.

It is the contention of Ms. Harrold that Complaint should be dismissed based on the following reasons:

(1) The Trustee lacks standing to bring this adversary proceeding;

(2) The Trustee fails to state a claim for which relief can be granted;

(3) The Trustee fails to join an indispensable party;

(4) The statute of limitation bars the claims set forth in the Trustee's Complaint; and

(5) This Court has no subject matter jurisdiction.

The relevant facts concerning this matter are summarized as follows. In 1996, the defendant, Ms. Harrold, filed a petition for dissolution of marriage from John Harrold, the principal officer and stockholder of SWS. In December of 1997, the parties entered into a marital settlement agreement. Pursuant to the agreement, Mr. Harrold agreed to pay to Ms. Harrold the sum of $804,000. The first payment was to be paid in January of 1998. The final decree dissolving the marriage was entered in May of 1998.

Pursuant to the agreement, Mr. Harrold made the following payments to Ms. Harrold using the funds of SWS:

(a) January 6, 1998 in the amount of $100,000;

(b) February 5, 1998 in the amount of $100,000;

(c) March 10, 1998 in the amount of $100,000;

(d) April 13, 1998 in the amount of $100,000; and

(e) June 14, 1998 in the amount of $50,000.

Total payments to Ms. Harrold with use of the funds of SWS amounted to $450,000.

In July of 1999, Ms. Harrold purchased the following life insurance annuity contracts:

(a) A $100,000 variable annuity contract from GE Life and Annuity Assurance Company;

(b) A $100,000 variable annuity from Lincoln National Life Insurance Company; and

(c) A $200,000 annuity from First Colony Life Insurance Company.

On October 21, 1998, SWS filed its Chapter 11 case. The initial transfer of funds (from Mr. Harrold to Ms. Harrold) occurred prior to the commencement of the Chapter 11 case. On December 28, 1998, SWS converted its Chapter 11 case to a Chapter 7 case. Larry Hyman was appointed as Trustee. The conversion of the monies from cash into several annuities occurred after SWS was in bankruptcy and after SWS had converted to a Chapter 7.

On October 20, 2000, Larry Hyman, as Trustee of SWS initiated an adversary proceeding against John Harrold and Ms. Harrold in the individual Chapter 7 bankruptcy case of Mr. Harrold. That Adversary Proceeding bears number 00–614. The Trustee filed a fifteen count Complaint seeking a determination of non-dischargeability of indebtedness; recovery of damages a declaration that certain property was held for the benefit of the Trustee; injunctive relief; and avoidance of transfers. With respect to the Counts against Ms. Harrold, the Trustee sought to avoid and set aside the transfers from Mr. Harrold to Ms. Harrold pursuant to 11 U.S.C. § 548 (Count XIV) and 11 U.S.C. § 547 (Count XV). The Trustee also sought equitable subrogation (Count VI) against Mr. Harrold and requested to succeed to the rights and priorities Ms. Harrold possessed against certain retirement plans and sought the imposition of a constructive trust or equitable lien (Count VII) on the property held legally, equitably or otherwise by Mr. and Ms. Harrold. *See* Complaint (Doc. No. 1 in Adv. Proc. No. 00–614). On December 13, 2000, Ms. Harrold filed her Answer (Doc. No. 8 in Adv. Proc. No. 00–614), where she admitted for jurisdictional purposes that the Trustee was the Trustee in SWS's bankruptcy case and that he "is presently acting as the Chapter 7 Trustee of SWS and its estate." She also admitted that that adversary proceeding was a core proceeding, that venue was proper, and that the court had jurisdiction.

On November 30, 2001, Ms. Harrold surrendered to the Trustee all of her interest in the GE and Lincoln annuities to the Trustee. On January 17, 2002, Judge Baynes, the Judge presiding over Adv. Proc. No. 00–614, entered a Final Judgment in favor of the Trustee against Ms. Harrold for the sum of $481,050 representing $450,000 in principal and $31,050 in prejudgment interest. Ms. Harrold currently receives $2,100.00 per month from her First Colony annuity contract.

The Motion to Dismiss under consideration addresses the Complaint filed by the Trustee on September 17, 2002, initiating the above-captioned Adversary Proceeding. As noted above, Ms. Harrold seeks dismissal based upon grounds set forth earlier.

The suit by the Trustee is an attempt to recover funds of the Debtor corporation, SWS, transferred to the former spouse of SWS's principal to satisfy not a corporate debt but his own debt owed to Ms. Harrold as a requirement to the agreement reached between them in their dissolution proceeding. The Complaint as framed must be dismissed in part for the following reasons.

■ In Count I, Trustee seeks relief pursuant to *Fla. Stat.* § 222.30, which is the statute that provides relief to a party who claims that a debtor fraudulently converted non-exempt assets into exempt assets. The inherent problem with this Count is that Ms. Harrold was not a "debtor" as defined in *Fla. Stat.* § 726.102(6) of SWS at the time she converted the cash received from Mr. Harrold into the several annuities. Under *Fla. Stat.* § 726.102(6), a "debtor" is defined as "a person who is liable on a claim." Ms. Harrold was not "liable on a claim" of SWS until January 17, 2002, when the Trustee obtained a money judgment against her. Until such time, the only "debtor" of SWS was Mr. Harrold. While Ms. Harrold may have been the recipient of the fruits of a fraudulent transfer, she was not liable to SWS until Judge Baynes entered the Final Judgment in Adv. Proc. No. 00–614. Based on this analysis, the Motion to Dismiss is well taken with respect to this Count and should be granted. The claim in Count I should be dismissed.

■ With respect to the claim set forth in Count II, the Trustee seeks to set aside the transfer of funds to the insurance company. The Trustee relies on *Fla. Stat.* § 726.105 to accomplish this and 11 U.S.C. § 544(b). Under 11 U.S.C. § 544(b), a condition precedent to a trustee's right to reach out and utilize a non-bankruptcy avoidance statute under applicable state law, is an allegation and ultimately proof of an existing creditor holding an unsecured claim that could have under applicable state law, attack the transfer in question. Count II of the Complaint is devoid of such allegations, and the Trustee clearly fails to plead the prerequisite to rely on *Fla. Stat.* § 726.105.

Moreover, the claim as pled is deficient on additional grounds. While the power to avoid a transfer under this statute could be available not only to a creditor in existence at the time of the transfer, but also a future creditor of the debtor, one must still plead that the purchase of the annuities was with the actual intent to hinder, delay or defraud creditors. *Fla. Stat.* § 726.105(1)(a). Accordingly, the Motion to Dismiss is well taken and should be granted as to Count II without prejudice to the Trustee to plead the elements of *Fla. Stat.* § 726.105 and 11 U.S.C. § 544(b).

■ With respect to the request in the Motion to Dismiss to dismiss Count III—constructive trust—this request is not well taken and should be denied. The contention by Ms. Harrold that the Trustee has an adequate remedy at law, fails to understand the relief sought. This is not in connection with an attempt to obtain a money judgment; the Trustee already obtained a judgment against Ms. Harrold. This is an equitable remedy to reach properties of this estate, which were allegedly transferred with intent to hinder, delay and defraud a judgment creditor and to preserve the res and prohibit further dissipation of the funds involved. None of the cases cited by counsel for Ms. Harrold are relevant and furnish no support for the Motion.

■ With respect to the Motion based upon the failure to join an indispensable party as to Count IV, this is well taken and should be granted. The Trustee can-

not seek to impose an injunction against the annuity company, which he has not named as a defendant. This is a curable defect, which this Court will allow if so deemed appropriate.

 With respect to the Motion based on the statute of limitation, this is without merit. This is an affirmative defense and must be plead as such. It is not a ground to dismiss a complaint.

■ Unfortunately, the current adversary proceeding is complicated by the fact that it appears that the Trustee is seeking to enforce the money judgment obtained against Ms. Harrold in the chapter 7 case of Mr. Harrold. Based on this fact, counsel for Ms. Harrold contends that this is in fact an attempt to collect a judgment by a non-debtor from a non-debtor, a suit based on pure state law and not within this Court's jurisdiction. In these regards, this Court is satisfied that the Trustee must follow the appropriate procedures under state law, specifically, proceedings supplementary, as set forth in *Fla. Stat.* § 56.29, to collect upon the money judgment against Ms. Harrold. In these regards, this Court does not have jurisdiction over such collection efforts and this adversary proceeding is not the appropriate means to collect the same. However, this Court is equally satisfied that the Trustee has sought other grounds against Ms. Harrold, as alleged and those grounds are appropriately before this Court.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Defendant's Amended Motion to Dismiss, or in the Alternative, Motion for Judgment on the Pleadings (Doc. No. 23) be, and the same is hereby, granted in part and denied in part. The Amended Motion to Dismiss is granted as to Counts I, II and IV but is denied as to Count III. The alternative relief for a Motion for Judgment on the Pleadings be, and the same is hereby, denied. The Trustee shall have fifteen (15) days to file an amended complaint. It is further

ORDERED, ADJUDGED AND DE-CREED that Ms. Harrold shall have fifteen (15) days from the filing of an amended complaint to file a responsive pleading.