**In re John HARROLD, Debtor.**

**Larry S. Hyman, Chapter 7 Trustee for Scott Wetzel Services, Inc., Plaintiff,**

**v.**

**John Harrold & Judith Harrold, Defendants.**

**Bankruptcy No. 00–12241–8B7. Adversary No. 00–614.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 1, 2003.

Allan C. Watkins, Watkins Law Firm, P.A., Tampa, FL, for Debtor.

Susan K. Woodward, St. Petersburg, FL, trustee.

1. Complaint, Docket No. 1 (Oct. 20, 2000).

## ORDER ON DEFENDANT JUDITH HARROLD'S MOTION TO VACATE FINAL JUDGMENT

THOMAS E. BAYNES, Jr., Chief Judge.

THIS CAUSE came on for hearing upon Defendant Judith Harrold's Motion to Vacate Final Judgment in the above captioned case. The Court having considered the Motion, the response by Plaintiff Larry S. Hyman, Chapter 7 Trustee for the Scott Wetzel Services, Inc. bankruptcy case ("Plaintiff"), arguments and briefs of counsel, together with the record, finds as follows.

### INTRODUCTION

The Motion seeks to vacate this Court's Final Judgment entered January 17, 2002 in Plaintiff's favor against Defendant Judith Harrold in the amount of $481,050.00. The Complaint in this adversary proceeding was filed October 20, 2000 and an Answer was filed by Judith Harrold. The fifteen count Complaint seeks (1) a determination John Harrold's debt to Plaintiff is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), (a)(4), and (a)(6), (2) recovery of damages from John Harrold, (3) a determination certain property is held for the benefit of Plaintiff, (4) injunctive relief, and (5) avoidance of transfers to Defendant Judith Harrold.[1] The Plaintiff ultimately settled his claims against John Harrold.

The Final Judgment as to Judith Harrold was entered following the entry on January 8, 2002 of an Order Granting Trustee's Emergency Motion for Entry of Default Judgment Against Judith Harrold for Failure to Comply with Court's Discovery Directive. The default was predicated upon Defendant Judith Harrold's failure to appear for a properly noticed deposition in

accordance with this Court's prior ruling on a motion to compel her appearance at the deposition and her motion for protective order concerning said deposition. No appeal was taken by Judith Harrold.

On December 31, 2002, Plaintiff filed a Motion for Issuance of Writs of Garnishment. In response, Defendant Judith Harrold filed on January 17, 2003 this Motion seeking to vacate the final judgment. As grounds for vacating the Final Judgment, Defendant Judith Harrold asserts three jurisdictional arguments.

## PARTIES' ARGUMENTS

The Plaintiff is the Chapter 7 Trustee of Scott Wetzel Services, Inc., a corporation in which Defendant John Harrold was a principal. Plaintiff is not the Chapter 7 Trustee of John Harrold's bankruptcy case. Judith Harrold asserts the Plaintiff, as a Chapter 7 Trustee in a separate bankruptcy case, lacked standing to bring the suit against her.

The primary relief granted against Judith Harrold is the avoidance of certain transactions under 11 U.S.C. §§ 547 and 548.[2] She argues this relief can only be sought in this case by the Chapter 7 Trustee appointed in John Harrold's case, Susan K. Woodard. Trustee Woodard is not a party to this adversary proceeding, nor has she sought separately to exercise her avoidance powers against either John or Judith Harrold. If the Plaintiff wished to seek to exercise avoidance powers as a trustee according to Judith Harrold, he must do so only in the case where he is the appointed trustee. The Plaintiff lacks standing and, therefore, the Court lacks subject matter jurisdiction.

Second, Judith Harrold asserts the Court lacked subject matter jurisdiction over the causes of action asserted in the complaint as to her because the causes of action do not arise in, or under, nor are they related to, a title 11 matter. Specifically, she argues Plaintiff is acting as a third party, a mere creditor, seeking to recover money from a non-debtor. As a result, the dispute between the parties is not a bankruptcy matter at all as it will not conceivably effect the administration and handling of the John Harrold bankruptcy estate.

Finally, Judith Harrold argues the dispute between two non-debtors is not a core proceeding under the bankruptcy code. In addition to the jurisdictional arguments, Judith Harrold seeks to have the Court reverse its decision and quash the Final Judgment as the ruling was an excessive use of the Court's discretion. Judith Harrold asserts a lesser sanction than the default judgment would have been an appropriate remedy.

In response, the Plaintiff asserts Judith Harrold admitted the Court's jurisdiction and consented to entry of a final judgment in this case in paragraph number seven of her answer filed December 13, 2000. In addition to general arguments regarding the need to include Judith Harrold in the complaint in order to obtain complete relief, the Plaintiff asserts the avoidance actions are sufficiently related to the John Harrold bankruptcy case because the recovery from Judith Harrold will reduce the amount of the claim asserted by the Plaintiff against the Harrold bankruptcy estate.[3] Finally, the Trustee asserts no sup-

---

**2.** The only remaining count involving Judith Harrold, Count VII, seeking relief against Judith Harrold in the form of a constructive trust or equitable lien, is addressed separately within this opinion.

**3.** The Court notes the amended claim filed by the Plaintiff on behalf of the Estate of Scott Wetzel Services in the Harrold bankruptcy is $10,000,000.00. *See* Claim No. 11(amending Claim No. 8)(Oct. 28, 2002). This is over 300

port exists for the argument this Court's jurisdiction over an exercise of a Chapter 7 Trustee's authority is case specific.

## ANALYSIS

### Timing of Judith Harrold's Subject Matter Jurisdiction Objections

Generally, the issue of standing implicates subject matter jurisdiction. *See E.F. Hutton v. Hadley,* 901 F.2d 979, 984–85, (11th Cir.1990); *United Jersey Bank v. Morgan Guaranty Trust Company (In re Prime Motor Inns, Inc.),* 135 B.R. 917, 919–20 (Bankr.S.D.Fla.1992). As regards subject matter jurisdiction, parties cannot waive objections to a party's standing, and such objections may be raised at any time during a proceeding by either the parties or the court. *See Together Development Corp. v. Pappas, et al. (In re Together Development Corp.),* 262 B.R. 586, 588–89 (Bankr.D.Mass.2001)(discussing the inability of defendants to waive their challenge to plaintiff's standing in an adversary proceeding filed in a Chapter 11 case) *Met–Al, Inc. v. Gabor (In re Metal Brokers International), Inc.,* 225 B.R. 920, 922 (Bankr.E.D.Wis.1998)(holding denial of right to challenge standing would deprive defendant of due process rights in an adversary proceeding filed in a Chapter 7 Case); *but see Official Committee of Unsecured Creditors v. Sharp Electronics Corp. (In re Phelps Technologies, Inc.),* 245 B.R. 858, 870–71 (Bankr.W.D.Mo.2000)(holding standing issue was not properly before the court where defendant merely mentioned preserving the right to challenge plaintiff's standing in a footnote to a summary judgment motion). In one case a bankruptcy court found the plaintiff, an individual creditor, lacked standing to pursue an allegation under 11 U.S.C. § 548 following a trial on the merits. *Cleveland v. Bluestone (In re Bluestone),* 102 B.R. 103, 105 (Bankr.N.D.Ohio 1989)(holding only the 11 U.S.C. § 727 claims were properly before the court in an adversary proceeding filed in a Chapter 7 case as the creditor lacked standing to bring the Chapter 7 Trustee's 11 U.S.C. § 548 action). *Randall & Blake, Inc. v. Evans, et al. (In re Canion),* 196 F.3d 579, 585 (5th Cir.1999)("It is well settled ... that the subject matter jurisdiction of a federal court can be challenged at any stage of the litigation (including for the first time on appeal) even by the party who first invoked it."); *see generally* 15 Moore, Moore's Federal Practice § 101.30–35 (Matthew Bender 3d Ed.2003), (where Professor Moore states standing is an element of subject matter jurisdiction when discussing the procedural aspects of standing).

### Role of Plaintiff in this Adversary Proceeding

The Court finds the Plaintiff is merely a creditor in the Harrold bankruptcy case.[4] As the Chapter 7 Trustee in the Scott Wetzel Services, Inc. bankruptcy case, the Plaintiff has avoidance powers afforded under the code only in its separate Chapter 7 case, and those powers do not extend to this bankruptcy case or adversary proceeding. When asserting the avoidance powers granted in 11 U.S.C. §§ 547 and 548, the Plaintiff attempts to exercise powers afforded only to the Chapter 7 Trustee in this case, Susan K. Wood-

times larger in terms of dollar amount than the next highest claim filed. Thus, while the Harrold case is not a single creditor case, the Plaintiff is by far the largest creditor in the case.

4. Neither the parties nor the Court were able to locate any case law addressing a factual scenario similar to this case, i.e. where a Chapter 7 Trustee seeks to exercise the strongarm powers in a separate Chapter 7 case.

ard. *See Metal Brokers,* 225 B.R. at 922–23. Plaintiff is a mere creditor herein, sans avoidance powers. The Court finds unpersuasive the Plaintiff's blanket assertion that a Chapter 7 Trustee's exercise of avoidance powers is not "case specific."[5] Pragmatically, if such were true, Chapter 7 Trustees would be able to shanghai other trustees' cases for any theory under the code.

### Effect of Plaintiff's Role on Ability to Exercise Avoidance Powers

■ Concluding the trustee is acting as an individual creditor, the gravamen of the issue in this case is whether any creditor in a Chapter 7 bankruptcy case may exercise the avoidance powers afforded to the Chapter 7 Trustee under 11 U.S.C. §§ 547 and 548.[6] The answer appears to be a resounding "no." *Nangle v. Lauer (In re Lauer),* 98 F.3d 378, 388 (8th Cir.1996)(holding individual creditor lacks authority to sue under 11 U.S.C. § 548); *Surf N Sun Apts., Inc. v. Dempsey,* 253 B.R. 490, 492–95 (M.D.Fla.1999)(same); *Metal Brokers,* 225 B.R. at 922–23 (same with regard to 11 U.S.C. §§ 547 & 548); *NBD Bank, N.A. v. Fletcher (In re Fletch-er),* 176 B.R. 445, 452–54 (Bankr.W.D.Mich.1995)(holding strong arm powers of 11 U.S.C. § 544, including §§ 547 & 548, are not available to individual creditors); *In re Conley,* 159 B.R. 323, 324–25 (Bankr.D.Idaho 1993)(holding 11 U.S.C. §§ 547 & 548 powers limited to the trustee); *Bluestone,* 102 B.R. at 105 (holding individual creditor has no standing to avoid a fraudulent transfer under 11 U.S.C. § 548); *Society Bank, N.A. v. Sinder (In re Sinder),* 102 B.R. 978, 981–83 (Bankr.S.D.Ohio 1989)(holding 11 U.S.C. §§ 547 & 548 powers limited to the trustee); *K.D. Homes, Inc. v. Fritz (In re Fritz),* 88 B.R. 434, 435–36 (Bankr.S.D.Fla.1988)(holding 11 U.S.C. § 548 action available only to Chapter 7 Trustee, not individual creditor); *Wanger v. Primack (In re Primack),* 81 B.R. 711, 712 (Bankr.S.D.Fla.1987)(denying plaintiff's post-trial motion to amend complaint to add a count to avoid fraudulent transfers as 11 U.S.C. § 544 vests this cause of action solely in the Chapter 7 Trustee); and *Drinker Biddle & Reath v. Bacher (In re Bacher),* 47 B.R. 825, 829 (Bankr.E.D.Pa.1985)(holding 11 U.S.C. § 548 is not available to creditors, only to

---

5. *See* Trustee's Response to Motion to Vacate Final Judgment at p. 8. The Court rejects Trustee's assertion 11 U.S.C. § 323(a) & Fed. R. Bankr.P. 6009 somehow suffice to confer subject matter jurisdiction allowing the Plaintiff to act with all the powers of a bankruptcy Chapter 7 Trustee regardless of forum. This Court finds the mere ability to file a lawsuit is no bar to analyzing a Chapter 7 Trustee's standing to sue in any given case. *See E.F. Hutton v. Hadley,* 901 F.2d 979, 984–86 (11th Cir.1990)(applying the principles of Article III standing analysis to a Chapter 7 Trustee's attempt to represent individual creditor's of the bankruptcy estate in United States District Court and holding the Chapter 7 Trustee did not have standing).

6. The Bankruptcy Code confers authority on the trustee with regard to preferences and fraudulent transfers as follows:

§ 547. Preferences

. . . .

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property. . .

. . . .

§ 548. Fraudulent transfers and obligations

(a)(1) The trustee may avoid any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

. . . .

11 U.S.C. §§ 547 & 548.

the Chapter 7 Trustee); *see also* 5 Collier on Bankruptcy § 548.06 (Alan N. Resnick et al. eds., 15th ed. rev.2003). There are policy concerns supporting this position.

One concern noted is the individual creditor is acting in its own interest, not in the interest of all creditors in the Chapter 7 case. *See, e.g., Conley,* 159 B.R. at 325 ("These avoidance powers are for the benefit of the estate...."); *see also, United Jersey Bank v. Morgan Guaranty Trust Co. (In re Prime Motor Inns, Inc.),* 135 B.R. 917, 920 (Bankr.S.D.Fla.1992)("To grant individual creditors ... the right to prosecute avoidance actions ... would unfairly enable individual creditors to pursue their own parochial or insular interests, to the detriment of all other creditors."). An additional policy concern is the orderly administration of the bankruptcy estate. Chapter 7 Trustees are appointed to objectively evaluate the entire estate and to bring only those actions which are viable, cost effective and will benefit the estate. Allowing individual creditors to usurp the avoiding powers of the Chapter 7 Trustee introduces many other elements to the equation, potentially exposing the Court to multiple lawsuits by individual creditors. *See Surf N Sun Apts.,* 253 B.R. at 494.

■ Having established the powers of a Chapter 7 Trustee under 11 U.S.C. §§ 547 & 548 belong solely to the trustee, is there an exception available to the Plaintiff in this case? Courts differ on the answer to this question. Some courts hold a creditor may seek leave of the Court to proceed in the Chapter 7 Trustee's place due to an alleged lack in a trustee's performance. *See, e.g., Nangle,* 98 F.3d at 388 ("Absent evidence that the trustee cannot be relied upon to assert such claims, claims to avoid preferential transfers may not be brought by creditors."), *Fletcher,* 176 B.R. at 454 ("'Absent court permission, creditors are

without authority to pursue a claim of fraudulent conveyance, ..., to pursue a preference action, ..., or to enforce the Trustee's strongarm powers under § 544(a).'"(quoting *In re Vitreous Steel Prods. Co.,* 911 F.2d 1223, 1231 (7th Cir. 1990)), *Conley,* 159 B.R. at 324 ("It may also be appropriate, where a trustee or debtor in possession wrongfully refuses to bring an action under [11 U.S.C.] section 547 or 548, for the court to give permission for a creditor to bring such an action on behalf of the estate."), *Bacher,* 47 B.R. at 829 at n. 6 ("Although a creditor may not bring suit on its own behalf to avoid a preference or fraudulent transfer, in certain circumstances it may be appropriate for it to move for leave to bring such a suit in the trustee's stead."). Some courts do not address any exceptions allowing individual creditors to act, implying by their silence that no exception exists. *See, e.g., Fritz,* 88 B.R. at 436 ("Of course, this additional cause of action and prayer [under 11 U.S.C. § 544 & 548] is available only to the bankruptcy trustee, not to a creditor."). Finally, some courts explicitly hold there are no exceptions. *See, e.g., Surf N Sun Apts.,* 253 B.R. at 494–95 ("The bankruptcy court may not, however, unilaterally confer standing upon the creditor to pursue the claim itself. If such authority is to be granted, it must come from Congress and not the Courts."), *Metal Brokers,* 225 B.R. at 922 ("[A]bsent the appointment of a third party to commence a preference action pursuant to a plan of reorganization under § 1123)(b)(3)(B), no other statutory authority exists to enable [the creditor] to bring such action."), and *Sinder,* 102 B.R. at 983 ("While some courts have been willing to extend to appointed Creditors' Committees, upon timely application and in accordance with various criteria establishing cause, the authority to bring actions pursuant to the bankruptcy

trustee's avoidance and recovery powers, a search of existing authority has not revealed any decision in which a court was willing to extend such authority to an individual creditor, nor has the plaintiff otherwise presented authority to support its position.").[7]

Thus, the only recognized exception allowing an individual creditor to sue under 11 U.S.C. §§ 547 & 548 requires the creditor to seek, and presumably obtain, prior approval from the Court to exercise a Chapter 7 Trustee's strongarm powers. As the Plaintiff in this case never sought leave from the Court in any manner to pursue its claims under 11 U.S.C. §§ 547 or 548 against Judith Harrold, there are no exceptions available to afford relief to the Plaintiff. A further complication arises because it appears the Chapter 7 Trustee appointed in this case has no cause of action under 11 U.S.C. §§ 547 and 548 from which the Plaintiff might derive standing.

Specifically, the funds allegedly transferred to Judith Harrold were from Scott Wetzel Services, Inc., not John Harrold individually. *See* Transcript of April 22, 2003 hearing at pp. 37–38 (Docket No. 50 filed June 3, 2003). Thus, the only cause of action under 11 U.S.C. §§ 547 or 548 would belong solely to the Chapter 7 Trustee in the Scott Wetzel Services, Inc. case for the benefit of the creditors of that case. As Plaintiff did not bring this avoidance action as a creditor standing in the shoes of the Chapter 7 Trustee of this bankruptcy case, there is no "creditor exception" available to him herein.

Pragmatically, if a Chapter 7 Trustee as here could use its avoiding powers in another Chapter 7 Trustee's case, it could be argued an improper extension of 11 U.S.C. § 546(a), which contains a two year statute of limitations on avoidance actions. Hypothetically, if Plaintiff's avoiding powers were barred in his case, he could persuade this Court in Trustee Woodard's case that she was not prosecuting still timely avoidance actions in this case and Plaintiff, as

---

7. In Chapter 11 cases there are occasions where creditor committees are permitted to bring avoidance actions. *See, e.g., Louisiana World Exposition, Inc. v. Federal Ins. Co. (In re Louisiana World Exposition, Inc.)*, 832 F.2d 1391, 1397–98(5th Cir.1987)(permitting creditors' committee to sue officers and directors of debtor-in-possession for malfeasance and mismanagement); *see also Canadian Pacific Forest Products Ltd. v. J.D. Irving, Ltd. (In re The Gibson Group, Inc.)*, 66 F.3d 1436, 1443–46 (6th Cir.1995)(discussing various Circuit Court rulings permitting creditor committees to sue in context of permitting an individual creditor to sue). Generally speaking, the committee must seek prior court approval to exercise these powers. *See generally* 1 David G. Epstein, et al., *Bankruptcy* 505–7 & n. 29 (West 1992). However, courts on occasion have blessed this type of action after the fact by approving a committee's actions *nunc pro tunc* to permit recovery to go forward. *Id.* at n. 30. Individual creditors may be permitted to seek to exercise a debtor-in-possession's or trustee's avoidance power under exceptional circumstances. *Canadian Pacific Forest Products*, 66 F.3d at 1446 (holding in a Chapter 11 "... a creditor or creditors' committee may have derivative standing to initiate an avoidance action..." under certain prescribed circumstances). The *Canadian Pacific Forest Products* court distinguishes Chapter 11 from Chapter 7, stating "... the maximization of the value of the estate is not necessarily the primary goal of a Chapter 11 reorganization as it would be in a Chapter 7 liquidation."

Finally, the Court notes the United States Supreme Court recently recognized the practice of allowing creditors or creditors' committees a derivative right to sue under the 11 U.S.C. § 544 strongarm powers exists in a footnote to *Hartford Underwriters Ins. Co. v. Union Planters Bank*, 530 U.S. 1, 13 at n. 5, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), where it held individual creditors did not have an independent right to sue under 11 U.S.C. § 506(c). The Supreme Court did not have occasion in that opinion to address the merits of this practice. *Id.*

creditor, should be permitted to bring Trustee Woodard's actions here. But the facts here are not such, nor can it take place here.[8] This case is a creditor using the avoidance powers of the Scott Wetzel Services, Inc. case Chapter 7 Trustee against a non-debtor in a separate chapter 7 case where that trustee has no cause of action for avoidance against the non-debtor. Thus, as a Chapter 7 Trustee, Plaintiff had no standing under his avoidance powers to bring an action in the John Harrold bankruptcy case.

### Jurisdiction over Dispute between Two Non–Debtors

 Though the Court shall grant the relief requested on the grounds the Plaintiff lacks standing with the regard to the 11 U.S.C. §§ 547 and 548 allegations, the Court finds it appropriate to also address the matter in terms of the Court's subject matter jurisdiction, or lack thereof, over disputes between non-debtors over property not belonging to the bankruptcy estate. In order to exercise jurisdiction over a matter it must at a minimum be "related to" the bankruptcy case. 28 U.S.C. § 1334(b); *Community Bank of Homestead v. Boone (In re Boone)*, 52 F.3d 958, 960 (11th Cir.1995).[9] In determining

whether a matter is related to the bankruptcy case, the Court must determine "... whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy.... An action is related to bankruptcy if the outcome would alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."

*Id.* (quoting *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 786 (11th Cir.1990)). The Court finds the causes of action alleged against Judith Harrold are not related to the John Harrold bankruptcy because "the outcome [of the 11 U.S.C. §§ 547 and 548 actions and the constructive trust/equitable lien action] has no conceivable effect on the estate or the administration of [the estate]." *Id.* at 961. The recovery sought against Judith Harrold will enhance only the estate of the Scott Wetzel Services, Inc. bankruptcy case.

Admittedly, a recovery by the Plaintiff would reduce its claim in this case, but only the creditors in the Scott Wetzel Services, Inc. case would be benefitted by a distribution.[10] The Plaintiff in this case

---

**8.** In this case the opposite occurs. The suit before this Court was filed within two years of the appointment of Plaintiff as Chapter 7 Trustee in the Scott Wetzel Services, Inc. case. However, Plaintiff filed an adversary proceeding against Judith Harrold on state law grounds and for a constructive trust in the Scott Wetzel Services, Inc. bankruptcy case on September 17, 2002, nearly four years after the date of his appointment as Chapter 7 Trustee. *See* 11 U.S.C. § 546(a) (providing two year statute of limitation on avoidance claims); *Hyman v. Harrold (In re Scott Wetzel Services, Inc.)*, 293 B.R. 791, 793 (Bankr.M.D.Fla.2003)(granting Defendant Judith Harrold's Motion to Dismiss as to state law allegations and denying as to constructive trust count). No one raises res judicata in

this case regarding the Scott Wetzel Services, Inc. adversary proceeding. Yet, the shanghai theory becomes more apparent.

**9.** For a discussion of the evolution of bankruptcy jurisdictional analysis into 28 U.S.C. § 1334, see *Celotex Corp. v. AIU Ins. Co. (In re Celotex Corp.)*, 152 B.R. 667, 671–72 (Bankr. M.D.Fla.1993). As matters arising in or under the Bankruptcy Code necessarily relate to bankruptcy, they are subsumed in the related to analysis. *Id.*

**10.** The Court rejects as a basis for exercising jurisdiction over these two non-debtors that a recovery from Judith Harrold would reduce the Scott Wetzel Services, Inc. claim against John Harrold. It does not change the status

provides this Court with no jurisdictional rationale for suing Judith Harrold in this case rather than in the Scott Wetzel Services, Inc. bankruptcy, where there is no question subject matter jurisdiction exists. Judith Harrold's Motion shall be granted.[11]

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED Defendant Judith Harrold's Motion to Vacate Final Judgment be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED the Final Judgment entered January 8, 2002, be and the same is hereby, vacated.

of the Plaintiff or Judith Harrold from that of non-debtors. Nor does it change the simple fact that recovery under the avoidance powers are intended to benefit all of the creditors of a given bankruptcy case, not to reduce the claim of only one.

11. As the Court reaches this determination on the grounds stated, there is no need to address Judith Harrold's remaining arguments regarding whether the matter is core and whether the severity of entry of the default judgment as a discovery sanction was an abuse of the Court's discretion.