**In the Matter of Gregg W. GUSTAFSON, Debtor.**

**Edward Clift, Plaintiff,**

**v.**

**Gregg W. Gustafson, and Ray "Chaz" Chaney, Jr., Defendants.**

**Bankruptcy No. 03–42761.**
**Adversary No. 03–4147.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

Aug. 5, 2004.

## MEMORANDUM AND ORDER

LAMAR W. DAVIS, JR., Bankruptcy Judge.

Gregg Gustafson ("Debtor") filed for relief under Chapter 13 of the Bankruptcy Code on September 3, 2003. Edward Clift ("Plaintiff") filed the current adversary complaint on November 7, 2003, to avoid certain obligations and transfers from Debtor to Ray "Chaz" Chaney and to subordinate any claim by Chaney. I issued an Order dismissing Debtor's underlying Chapter 13 case on April 16, 2004. A pretrial hearing was held in this adversary proceeding on May 26, 2004. Pursuant to the following, I decline to retain jurisdiction over Plaintiff's adversary complaint.

### FACTS

Plaintiff and Debtor have been involved in a variety of transactions in the past and are currently involved in lawsuits in this and other courts. The central focus of the suits is a piece of property located at 123 West Gwinnett Street, Savannah, Georgia ("Real Property") that was purchased by Debtor from Plaintiff on November 30, 2001. In purchasing the Real Property, Debtor executed an unsecured note for $42,500.00 that was payable to Plaintiff. Debtor made a number of payments on the note, but in March of 2003, Plaintiff sent Debtor a letter declaring the debt in default. On July 15, 2003, Plaintiff filed an action against Debtor in the Superior Court of Chatham County seeking a judgment in the amount of $42,142.38 plus interest and attorney's fees (Civil Action No: CV03–1220–FR). Separately, but related to the purchase of the Real Property, Debtor filed suit against Plaintiff in the State Court of Chatham County (Civil Action No: I03–1341–G) regarding a supposedly defective furnace.

On August 22, 2003, Debtor signed a note for $120,000.00 to Chaney. Debtor simultaneously executed a security deed in favor of Chaney in which he used his equity in the Real Property as collateral. At the time, Debtor and Chaney lived together at the Real Property as co-residents and domestic partners. The execution of the note and security deed by Debtor is the subject of the adversary proceeding currently before this Court.

Shortly after Debtor executed the note and security deed in favor of Chaney, Debtor filed for relief under Chapter 13 of the Bankruptcy Code on September 3, 2003. In his bankruptcy petition, Debtor scheduled a disputed debt of $42,142.00 as being payable to Plaintiff as an unsecured, nonpriority claim. (Chapter 13 Voluntary Petition, Schedule F). In addition, a debt of $120,000.00 was listed as payable to Ray Chaney as a secured, second mortgage on the Real Property. (Chapter 13 Voluntary Petition, Schedule D). Finally, Debtor listed a counterclaim against Clift in the Superior Court (Case No: CV03–1220) and a claim against Clift for breach of contract and fraud as personal property assets of an unknown value. (Chapter 13 Voluntary Petition, Schedule B).

As a result of the litigation that was ongoing at the time the bankruptcy petition was filed, various motions were filed requesting relief from stay. On December 3, 2003, I granted motions for relief allowing Debtor to proceed in Civil Action No: I03–1341–G in the State Court of Chatham County and Plaintiff to proceed with Civil Action No: CV03–1220–FR in the Superior Court of Chatham County.

In filing the current adversary complaint, Plaintiff has objected to the note and security deed in favor of Chaney and

has prayed for relief based on five counts: 1) the note and security deed were executed by Debtor with the actual intent to hinder, delay or defraud creditors and is a fraudulent conveyance pursuant to 11 U.S.C. § 548(a)(1)(A) and O.C.G.A. 18–2–70 *et seq.;* 2) the note and security deed were executed by Debtor at a time when the Debtor was insolvent; they were not given for reasonably equivalent value such that they were fraudulent conveyances pursuant to 11 U.S.C. § 548(a)(1)(B) and O.C.G.A. 18–2–70 *et seq.;* 3) Debtor and Chaney are liable for the costs and attorneys fees involved in the litigation of this adversary complaint; 4) any allowed claim by Chaney should be equitably subordinated to other unsecured claims in Debtor's bankruptcy case under 11 U.S.C. § 510; and 5) the note and security deed were executed within the ninety (90) day period immediately preceding the bankruptcy filing and are preferential transfers to an unsecured creditor pursuant to 11 U.S.C. § 547.

Debtor filed an answer to Plaintiff's complaint on December 10, 2003, and Chaney filed an answer on January 2, 2004. On January 16, 2004, I issued an Order stating that all discovery should be completed on or before April 20, 2004. On January 20, 2004, Plaintiff moved for an examination of Debtor and Chaney pursuant to Federal Rule of Bankruptcy Procedure 2004. Orders granting the motions were filed on January 30, 2004. At the May 26 hearing, the parties agreed that they had participated in fairly substantial discovery which included a lengthy deposition of Debtor. However, Debtor had yet to respond to a request for production by Plaintiff.

On April 13, 2004, Debtor filed a motion to dismiss his underlying Chapter 13 case. I granted that motion in an Order filed on April 16, 2004. Because of the dismissal,

Debtor and Chaney argue that the current adversary proceeding should be dismissed and that this Court no longer has jurisdiction to hear Plaintiff's adversary complaint. They contend that all prayers for relief asserted in the complaint are bankruptcy-specific and that Plaintiff has an adequate remedy in state court for his fraudulent conveyance claim. They note that in addition to the litigation for which stay relief was granted, another suit was filed in the Superior Court of Chatham County on May 26, 2004 (Civil Action No: CV04–0832MO) after Debtor's bankruptcy petition was dismissed. The newest suit also involves the Real Property and in it Plaintiff seeks, *inter alia,* an injunction against further disposition of the subject property.

Debtor and Chaney also argue that Plaintiff does not have standing to prosecute the adversary complaint. They note that all of the Code sections under which Plaintiff seeks relief, except for the § 510 equitable subordination claim, are provisions which authorize the trustee, not an individual creditor, to act on behalf of all creditors of the estate. Further, while § 510 can be utilized by an individual creditor to subordinate a claim of a creditor, the application of such Code section is moot with the dismissal of the underlying bankruptcy proceeding.

Plaintiff contends that this Court should retain jurisdiction over the fraudulent conveyance claim. First, Plaintiff questions the dismissal of Debtor's bankruptcy case as it came on the date of his confirmation hearing. In addition, he argues that litigating the claims in state court would result in unnecessary expense and duplication of efforts already performed in the current adversary. Finally, Plaintiff believes that this Court may be the only forum available to address his fraudulent conveyance claim as he did not originally

assert a fraudulent conveyance claim in any of the state court actions. In support of this assertion, Plaintiff notes that he filed a Third Party Complaint and Supplemental Counterclaim in Civil Action No: I03–1341G on or about June 14, 2004 in order to avoid the fraudulent conveyance. On July 22, 2004, Debtor sent Plaintiff's counsel a letter objecting to the Third Party Complaint. In the letter, Debtor notes that Plaintiff and Chaney are both members of Button LLC, an entity that Plaintiff's counsel has represented. Thus, Debtor argues that it would be a serious conflict of interest and ethical violation for Plaintiff's attorney to prosecute a claim of one Button LLC member against another. In addition, Debtor filed a motion to strike Plaintiff's third party complaint on or about July 6, 2004. In the motion to strike, Debtor states that all causes of action of the third party complaint seek equitable relief, but that the State Court does not have authority to grant such relief.

## ANALYSIS

■■ Ordinarily, the dismissal of a bankruptcy case will result in the dismissal of all pending adversary proceedings because federal jurisdiction is premised upon the nexus between the underlying bankruptcy case and the related proceedings. However, the Eleventh Circuit has held that § 349 gives the Bankruptcy Court the discretionary power to alter the normal effects of the dismissal of a bankruptcy case in order to retain subject matter jurisdiction over an adversary proceeding if cause is shown. *See Fidelity & Deposit Co. v. Morris (In re Morris)*, 950 F.2d 1531, 1535 (11th Cir.1992). The Court in *Morris* cited three factors that are relevant in determining whether to exercise such discretion:

1) judicial economy;

2) fairness and convenience to the litigants; and

3) the degree of difficulty of the related legal issues involved.

*Id.*

In *Morris*, the adversary proceeding had been pending for over four years and was ready for trial when the underlying bankruptcy case was dismissed. Under those circumstances, the Eleventh Circuit approved retention by the bankruptcy court of jurisdiction over the adversary since to do otherwise would result in the waste of judicial resources already expended in preparing the adversary for trial, and it would be unfair to the parties as they would be forced to begin again in another forum.

### 1. Judicial Economy

Inexplicably, there are several actions, in different courts, all involving the same Real Property. Plaintiff has filed two actions against Debtor and Chaney in Superior Court and Debtor has filed an action against Plaintiff in State Court. In addition, there are a variety of counterclaims in those suits. That being said, it appears that the goal of judicial economy has been compromised. However, I will do my part as I hold that judicial economy will not be served by allowing yet another suit concerning the Real Property to proceed in this Court.

### 2. Fairness/Conveyance

Unlike in *Morris*, Plaintiff will not have to begin again in another forum if Plaintiff's adversary complaint is dismissed. As discussed, there are already two actions pending in the Superior Court of Chatham County and one in State Court. Thus, it is not unfair or inconvenient to require the parties to resolve their disputes in the appropriate state court. It is true that Plaintiff has expended time preparing pleadings and taking the deposition of Debtor. However, the information ob-

tained in the current adversary should have some value in the state court actions.

Plaintiff has argued that this Court must hear his fraudulent conveyance claim because it might not be allowed in any of the state court proceedings. First, Plaintiff noted that he received a letter from Debtor that objected to his adding a claim in the State Court action (Civil Action No: I03–1341G). However, in the letter, Debtor did not actually object to the claim; instead, he only objected to Plaintiff's counsel. That is, Debtor charges that Plaintiff's counsel, Matt Mills, can not file a complaint against Chaney because it would be a conflict of interest. Because Mills also represents Plaintiff in this adversary proceeding, this Court sees no reason why Debtor and/or Chaney could not raise a similar objection in this Court. Thus, this Court is no better suited to handle the fraudulent conveyance claim than are the state courts.

Plaintiff also noted that Debtor filed a motion to strike his fraudulent conveyance claim because the State Court of Chatham County does not have authority to grant him equitable relief. However, even if Debtor's charges are true, Plaintiff has presented no evidence to show why he can not assert the fraudulent conveyance claim

in one of the Superior Court actions. Because of this fact, I am not convinced that Plaintiff will not be able to obtain relief, if appropriate, in one of the state forums.

This Court recognizes the inconvenience that would be imposed upon Chaney if he was required to defend Plaintiff's action in this Court. Because of the bankruptcy-specific claims alleged by Plaintiff in this Court and the state law claims in the state courts, Chaney has been required to retain separate counsel. Since both the current adversary proceeding and the state court actions involve the same piece of Real Property, there will undoubtedly be a certain amount of overlap between the actions which will result in unnecessary expense. Further, unlike Debtor, Chaney did not seek relief in this Court. Instead, he is responding to charges by another nondebtor. Because of these facts, requiring him to defend against the adversary complaint seems patently unfair after Debtor's underlying Chapter 13 case has been dismissed.

### 3. Degree of Difficulty

In his adversary complaint, Plaintiff has asserted claims under § 547(b)[1], §§ 548(a)(1)(A) & (B)[2], and 510 of the

1. Section 547(b) states in pertinent part that: *[T]he trustee may avoid* any transfer of an interest of the debtor in property—
(4) made—
(A) on or within 90 days before the date of the filing of the petition; or
(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider[.]
(emphasis added)

2. Section 548 states that:
(a)(1) *The trustee may avoid* any transfer of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

(A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted; or
(B)(i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
(ii)(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation;
(II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; or

Bankruptcy Code. In addition, he has cited § 18–2–70 *et seq.* of the Georgia Code which is made applicable to bankruptcy practice pursuant to § 544(b).[3] Chaney and Debtor have questioned whether Plaintiff has standing to bring the avoidance actions of the present adversary complaint because the plain language of §§ 547(b), 548(a)(1)(A) & (B) and 544(b) confer specific authority to pursue such actions on only the trustee. Further, they assert that Plaintiff's remaining claim under § 510 is moot now that Debtor's bankruptcy case has been dismissed.[4]

■ It is clear that individual creditors acting on their own behalf do not have standing to avoid preferences to creditors. *See e.g., Amer. Nat'l Bank v. MortgageAmerica Corp. (In re MortgageAmerica Corp.),* 714 F.2d 1266, 1275–76 (5th Cir. 1983); *United Phosphorus v. Fox (In re Fox),* 305 B.R. 912, 916 (10th Cir. BAP2004); *Surf N Sun Apts., Inc. v. Dempsey,* 253 B.R. 490, 494–5 (M.D.Fla. 1999). *See also* 5 Collier on Bankruptcy ¶ 547.11[5] (15th ed. rev.2003). However, some courts have acknowledged that, with court permission, an individual creditor can prosecute avoidance claims if the estate is unable or unwilling to do so. *See e.g. Nangle v. Lauer (In re Lauer),* 98 F.3d 378, 388 (8th Cir.1996); *Canadian Pac. Forest Prods., Ltd. v. J.D. Irving, Ltd. (In re The Gibson Group, Inc.),* 66 F.3d 1436, 1442 (6th Cir.1995); *Lilly v. Fed. Deposit Ins. Corp. (In re Natchez Corp. of West Virginia),* 953 F.2d 184, 187 (5th Cir.1992). Regardless, in the cases where courts held that an individual creditor could prosecute an avoidance claim, the creditor did so for the benefit of the estate, not for his individual benefit. With the dismissal of Debtor's bankruptcy case, there is no estate that will benefit from an avoidance claim. Because Debtor has not been granted permission to pursue a trustee cause of action, and due to the dismissal, would not be appointed even on request, I am not inclined to exercise my discretion and retain jurisdiction over the adversary complaint in this instance.

### 4. Conclusion

The Eleventh Circuit in *Morris* noted that retaining jurisdiction over an adversary complaint when the underlying bankruptcy case has been dismissed is the exception not the rule. 950 F.2d at 1534. Having applied the factors enunciated in *Morris,* I hold that it is not appropriate for this Court to exercise its discretion and retain jurisdiction over the current adversary proceeding. In so ruling, I am mindful that Debtor submitted, for a time, to the jurisdiction of this Court when he filed for relief under Chapter 13 of the Bankruptcy Code. Then he voluntary dismissed his case and argues that this adversary

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured.
(emphasis added)

3. The Georgia fraud statute, O.C.G.A. § 18–2–70 et. seq., is made applicable to bankruptcy pursuant to § 544(b) which states:
   [T]he trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim …

(emphasis added)

4. Section 510 allows this Court to, "subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest." Since there will be no distribution after dismissal of Debtor's bankruptcy case, it seems clear that subordinating Chaney's claim would serve no purpose.

should not survive. There is no evidence that Debtor has employed any judicial gamesmanship in the procedural moves he has taken. However, should there be any future bankruptcy case initiated by him, he should be aware that this Court would not likely entertain any argument that it should stay or take jurisdiction over any remaining state court litigation between these parties.

*ORDER*

Pursuant to the foregoing, IT IS THE ORDER OF THIS COURT that Edward Clift's adversary complaint against Gregg Gustafson and Ray "Chaz" Chaney is DISMISSED.