## GRASS v. OSBORN.
### No. 6018.

Circuit Court of Appeals, Ninth Circuit.

March 31, 1930.

C. P. Borberg, of Seattle, Wash., for appellant.

Leopold M. Stern, of Seattle, Wash. (Edward F. Stern, of Seattle, Wash., of counsel), for appellee.

Before DIETRICH and WILBUR, Circuit Judges, and KERRIGAN, District Judge.

WILBUR, Circuit Judge. .

The appellant purchased all the assets of the bankrupt, Renfro-Wadenstein, for the sum of $150,000. Subsequent to the purchase, the appellee, trustee in bankruptcy, brought an action in the superior court of the state of Washington to set aside a transaction wherein the bankrupt assigned a conditional sales contract to Atiyeh Bros., in payment of an indebtedness due from the bankrupt to Atiyeh Bros., on the ground that such transfer was made with the intent of preferring this creditor. The appellee arranged a compromise of the suit in the state court and applied to the referee in bankruptcy for authority to enter into such compromise agreement, whereupon the appellant objected and insisted that the trustee proceed to judgment in the action against Atiyeh Bros. and offered to pay the expense of such litigation. These objections were based on the theory that the appellant, by reason of his purchase of the assets of the bankrupt, was entitled to the fruits of the litigation inaugurated by the trustee in bankruptcy to set aside the preferential transfer, and to require that the trustee proceed with that litigation in his own name for their benefit.

The Circuit Court of Appeals of the Sixth Circuit, in Belding-Hall Mfg. Co. v. Mercer & Ferdon Lumber Co., 175 F. 335, held that the right of the trustee in bankruptcy to maintain a suit to avoid a preferential transfer could not be assigned or transferred, citing with approval Loveland on Bankruptcy (3d Ed.) p. 472, and Collier on Bankruptcy (7th Ed.) p. 672. The decision of the Supreme Court of Illinois in Parker v. Hand, 229 Ill. 420, 132 N. E. 467, is to the same effect. See, also, Black on Bankruptcy (4th Ed.) p. 1087, 2 Collier on Bankruptcy (13th Ed.) p. 1318.

Under these authorities, with which we agree, the trustee in bankruptcy could not sell his right to set aside a preferential transfer, and it is therefore immaterial to examine the terms of the assignment made by the trustee at the time of the sale to the appellant, because even if the assignments purported to specifically transfer the right to set

aside the transaction with the Atiyeh Bros., on the ground that such transfer created a preference, the assignment would be ineffective. In view of the fact that the decree of the trial court must be affirmed, it is unnecessary to consider the motion to dismiss interposed by the appellee upon the ground that the application for the allowance of the appeal should have been made to this court instead of to the district court.

Decree affirmed.