**In re CONLEY, Dennis K., Debtor.**

**Bankruptcy No. 93–00922–7.**

United States Bankruptcy Court,
D. Idaho.

Sept. 29, 1993.

Kenneth L. Anderson, Lewiston, ID, for debtor.

Charles L. Graham, Landeck, Westberg, Judge & Graham, P.A., Moscow, ID, for creditors Craig D. Whittlesey and Gary and Norma Bishop.

## MEMORANDUM OF DECISION

ALFRED C. HAGAN, Chief Judge.

In this chapter 7 case, creditors Craig D. Whittlesey ("Whittlesey") and Gary and Norma Bishop ("the Bishops") have moved for an order permitting those creditors to file a complaint against Dennis Conley ("debtor") and against Patrick W. Conley and Margaret A. Conley to avoid what the movants claim are unlawful transfers by the debtor to Patrick W. Conley and Margaret A. Conley. Whittlesey and the Bishops seek to attack the debtor's grant of a mortgage on real property to Patrick and Margaret Conley, who are the parents of the debtor.

Whittlesey and the Bishops propose to assert three causes of action against the debtor and Patrick & Margaret Conley. These are: (1) to avoid the transaction as a preference under 11 U.S.C. § 547; (2) to avoid the transaction as a fraudulent transfer under 11 U.S.C. § 548; and (3) to equitably subordinate Patrick and Margaret Conley's interest under 11 U.S.C. § 510(c). It is noted Whittlesey and the Bishops assert a security interest in the real property at issue. The stipulation between the trustee and Whittlesey and the Bishops provides that Whittlesey and the Bishops will be paid first as secured creditors, with any remainder to go to the estate. The

trustee believes the potential benefit to the estate does not justify the cost to the estate of his prosecuting the action.

■ Sections 547 and 548 limit standing to assert actions under their respective sections to the trustee. 11 U.S.C. §§ 547(b), 548(a).[1] The Bankruptcy Appellate Panel of the Ninth Circuit has stated "[i]ndividual creditors generally have no remedy to institute such an action [under 11 U.S.C. § 548] except through the trustee or debtor-in-possession." *Hansen v. Finn (In re Curry and Sorensen, Inc.)*, 57 B.R. 824, 827 (9th Cir.B.A.P.1986) (citations omitted). A limited exception to this rule is set forth in 11 U.S.C. § 1123(b)(3)(B), which permits a "representative of the estate," appointed pursuant to an approved Chapter 11 plan of reorganization, to prosecute avoidance actions. It may also be appropriate, where a trustee or debtor in possession wrongfully refuses to bring an action under section 547 or 548, for the court to give permission for a creditor to bring such an action on behalf of the estate. *Curry and Sorensen, supra,* 57 B.R. at 828 (trustee's decision not to assert an action reviewed for abuse of discretion). The trustee is otherwise prohibited from selling or assigning his right to bring an avoidance action. *Grass v. Osborn,* 39 F.2d 461 (9th Cir.1930) (trustee could not sell or assign power to avoid preferential transfer).[2]

■ None of these exceptions to standing applies in the current case. Therefore, Whittlesey and the Bishops lack standing to assert a claim under sections 547 or 548. *Cf. Hall v. Sunshine Mining Co. (In re*

---

**1.** Section 547 states that "[e]xcept as provided in subsection (c) of this section, the *trustee* may avoid any transfer of an interest of the debtor in property" where certain conditions are met. 11 U.S.C. § 547(b) (emphasis added). Similarly, section 548 provides that "[t]he *trustee* may avoid any transfer of an interest of the debtor in property" that is deemed fraudulent under the statute. 11 U.S.C. § 548(a) (emphasis added). Pursuant to 11 U.S.C. § 1107, a Chapter 11 debtor-in-possession may exercise these powers. 11 U.S.C. § 1107(a).

**2.** The Ninth Circuit recently reconsidered the *Grass* decision. *Briggs v. Kent (In re Profession-*

*al Investment Properties of America),* 955 F.2d 623 (9th Cir.1992), *cert. denied sub nom. Miller v. Briggs,* —— U.S. ——, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992). The court concluded *Grass* was superseded by the adoption of 11 U.S.C. § 1123(b)(3)(B). 955 F.2d at 625–26. However, the *Professional Investment* decision clearly rests on section 1123(b)(3)(B), and thus *Grass* remains good law in bankruptcy cases not in chapter 11. Moreover, the *Professional Investment* decision reaffirmed that the creditor must be pursuing interests common to all creditors, and not merely acting for the creditor's sole benefit. 955 F.2d at 626.

*Sunshine Precious Metals, Inc.),* 157 B.R. 159 (Bankr.D.Idaho 1993) (creditor lacks standing to assert state law claims against third party, where injury is general to all creditors of the debtor).

■ This conclusion accords with the policies underlying the Bankruptcy Code. In Chapter 7 cases, it is the duty of the trustee to marshal the debtor's assets on behalf of unsecured creditors. *See* 11 U.S.C. § 704 (duties of the trustee). The trustee's powers to avoid preferences or fraudulent transfers are provided to aid in that process. These avoidance powers are for the benefit of the estate; they were not intended to serve as weapons for secured creditors to battle among themselves for priority status.

■ The third cause of action Whittlesey and the Bishops wish to assert is for equitable subordination under section 510(c) of the Bankruptcy Code. Unlike avoidance actions brought by a creditor, there does not appear to be any requirement of court approval prior to the bringing of an equitable subordination action. *See* 11 U.S.C. § 510(c) ("[A]fter notice and a hearing, the court may" subordinate one claim or interest to another claim or interest). The Court therefore finds it unnecessary to grant permission for Whittlesey and the Bishops to bring such an action. No other issues regarding this cause of action have been presented.

The trustee believes the expense of the action outweighs any possible benefit to the estate.[3] No evidence has been presented to suggest this conclusion is incorrect. No other grounds exist to give Whittlesey and the Bishops standing to pursue this action.

Accordingly, the motion will be denied. A separate order will be entered.

---

**3.** It is unclear whether Whittlesey and the Bishops are willing to pay the cost of litigation if the trustee will pursue this action. The Court does not render any opinion with regard to the legitimacy of such an undertaking.