**In re Sean Anthony McGUIRK, Debtor.**

**No. 08–76179–JB.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 31, 2009.

Debra L. Mclean, Mclean & Associates, Atlanta, GA, for Debtor.

### ORDER DENYING TRUSTEE'S MOTION TO SELL CAUSES OF ACTION

JOYCE BIHARY, Bankruptcy Judge.

This Chapter 7 case came before the Court for a hearing on July 29, 2009 on the Chapter 7 Trustee's motion for authority to sell the estate's interests in all the trustee's avoidance claims and two accounts receivable to Cadles of Grassy Meadows, II, LLC ("Cadles") for $5,000.00 (Docket # 46). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (N). After reviewing the motion and hearing argument from counsel, the Court concluded that the Chapter 7 Trustee's motion to sell must be DENIED.

The Chapter 7 Trustee, William J. Layng, Jr., represented that he was approached by a non-lawyer representative of Cadles about purchasing "assets" of the estate for $5,000.00. The Trustee further represented that Cadles is a creditor that purchases debt and that in this case, Cadles had purchased a second mortgage on property that had been owned by the debtor and later foreclosed upon. Cadles seeks to purchase and the Trustee seeks to sell

two accounts receivable that the Trustee has determined are uncollectible and all of the Chapter 7 Trustee's avoidance claims including preference claims, fraudulent conveyance claims, and any claims relating to post-petition transfers. The Chapter 7 Trustee stated that his investigation led him to conclude that there were no such preferences, post-petition transfers, or fraudulent conveyance claims.

Counsel for the debtor filed an objection and expressed her serious concerns about Cadles' conduct in this case, She explained at the hearing that her client is very ill and that Cadles is well aware of the tragedy that has struck the debtor's family. Counsel argued that Cadles is a predatory lender and was aware of debtor's diagnosis, a serious accident involving one of debtor's children, and of the family's medical issues. Debtor's counsel argued that Cadles' objective is to pursue debtor's ex-wife for a house she received in a divorce settlement which house was purchased with funds debtor's ex-wife received following the death of her father. The award of the house to debtor's ex-wife occurred more than two years prior to the bankruptcy filing. Debtor's counsel announced that she understood that Cadles also sought to recover child support payments and payments made by debtor to his ex-wife for the children's medical bills. Counsel for Cadles announced that he had no direct negotiations on this matter and that he was simply present at the hearing to "observe".

■■■ The Chapter 7 Trustee presented no legal or factual basis upon which to sell the Trustee's avoidance powers to Cadles. Trustees are appointed to gather the debtor's property for the benefit of the estate and to make disbursements to all creditors in accordance with the Bankruptcy Code. A trustee's avoidance powers, including those under Sections 547, 548 and 549 of the Bankruptcy Code, are

unique statutory powers intended to benefit the estate, not a single creditor. Standing to assert actions under Sections 547, 548 and 549 to recover preferences and to set aside fraudulent conveyances and post petition transfers is limited to the trustee, and individual creditors have no standing to bring such actions except through the trustee or debtor in possession. *In re Conley,* 159 B.R. 323, 324 (Bankr.D.Idaho 1993); *see also La. State Sch. Lunch Employees Ret. Sys. v. Legel, Braswell Gov't Sec. Corp.,* 699 F.2d 512, 515 (11th Cir. 1983) (stating that the right to set aside a voidable transfer is the trustee's personal right which cannot be exercised by a creditor); *Syndicate Exch, Corp. v. Duffy (In re Pro Greens, Inc.),* 297 B.R. 850, 855 (Bankr.M.D.Fla.2003) (denying an individual creditor standing to bring an avoidance action).

■■■ This Court made it clear in a prior published decision that absent extraordinary circumstances, a trustee cannot sell, transfer, or assign the right to assert and maintain an estate's avoidance action to an individual creditor. *In re Carragher,* 249 B.R. 817, 820 (Bankr. N.D.Ga.2000); *see also In re Metro. Elec. Mfg. Co.,* 295 B.R. 7, 12 (Bankr.E.D.N.Y. 2003). The rationale for this is sound. The Bankruptcy Code gives trustees special powers to fulfill their primary duty of marshaling the debtor's assets for the benefit of the estate. A Chapter 7 trustee is appointed and trained by the United States Trustee and must have certain qualifications to be appointed. A single creditor does not have the training or qualifications to exercise the role of a panel Chapter 7 trustee. The trustee "is visibly the court-appointed representative of creditors, but a buyer is just another self-interested party." Elizabeth Warren & Jay L. Westerbrook, *Selling the Trustee's Powers,* AM. BANKR.INST. J., September

2004, at 32. In the Supreme Court case of *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 7, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000), dealing with Section 506 of the Bankruptcy Code, the Court stated that the trustee's unique role in a bankruptcy proceeding "makes it entirely plausible that Congress would provide a power to him and not others." The trustee's power to bring an avoidance action is one such power reserved exclusively for the trustee.

Cadles should not be surprised by this Court's ruling. *See Reed v. Cooper (In re Cooper),* 405 B.R. 801, 816 (Bankr. N.D.Tex.2009) ("[T]he court will *not* allow Cadle [The Cadle Company] to usurp the role of the Trustee in this case and pursue estate causes of action"); *see also In re Boynewicz,* No. 02–30250 LMW, 2002 WL 33951315, at *3 (Bankr.D.Conn. Nov. 27, 2002), *aff'd,* No. 3:03CV74 PCD, 2003 WL 25285649 (D.Conn. April 15, 2003).

In limited situations, a court may grant a creditor derivative standing to bring an avoidance action.[1] *Official Comm. of Unsecured Creditors of Cybergenics v. Chinery,* 330 F.3d 548, 568 (3d Cir.2003). However, Cadles is not seeking derivative standing; it seeks to purchase the Trustee's rights to bring avoidance claims in its own name. Derivative standing is granted to benefit the estate as a whole, not merely to benefit the creditor bringing the claim. *Craig v. Green Light Capital Qualified, L.P. (In re Prosser),* 51 B.C.D. 256, 2009 WL 2424409 (Bankr.D.V.I.2009). In addition, none of the elements justifying derivative standing has been established in this case. Neither the Trustee nor Cadles has established any colorable claim, and there is no indication that the Trustee has unjustifiably refused to bring any avoidance action.

Finally, while neither Cadles nor the Chapter 7 Trustee cited any authority in support of the Trustee's motion, the Court is aware of an unusual case authorizing the sale of a trustee's avoidance power to a single creditor. *In re Greenberg,* 266 B.R. 45, 51 (Bankr.E.D.N.Y.2001). The facts in that case are easily distinguishable from the case at bar. The Court in *Greenberg* found that the transfer of the trustee's powers to a creditor which owned 99% of the claims would maximize value for the estate and that all creditors would be fairly treated. In an objection to the trustee's proposed stipulation and settlement of all the debtor's claims for $150,000, a creditor offered the trustee $175,000 for the right to continue a fraudulent conveyance action. Because this offer was $25,000 more than the trustee's offer to settle all claims and 99% of all the outstanding claims were already held by the creditor, the Court approved an assignment of the trustee's power to pursue these claims, so long as all proceeds obtained by the creditor were returned to the trustee for equitable disbursement. In the present case, the Court cannot conclude that the proposed sale of avoidance claims to Cadles for a nominal value would maximize value for the estate, nor can the Court find that all parties would be fairly treated.

In accordance with the above reasoning, the Trustee's motion to sell avoidance claims to Cadles is DENIED. Cadles has not made a separate offer to purchase the two accounts receivable referred to in the motion, so the Trustee's motion to sell these accounts receivable must be and is also DENIED. The Chapter 7 Trustee is cautioned not to file any further motion to sell the estate's accounts receivable without disclosing precisely what he is proposing to sell and including a provision that the debtor will not be involved in collection

---

1. Some courts question whether derivative standing is appropriate in Chapter 7 cases.

*Reed v. Cooper (In re Cooper)* 405 B.R. 801, 814 (Bankr.N.D.Tex.2009).

efforts or litigation regarding the accounts receivable.