**NOT FOR PUBLICATION**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No. SC-17-1068-AKuS |
| ) | |
| JASON SCOTT BROWN, ) | Bk. No. 13-11913-MM7 |
| ) | |
| Debtor. ) | Adv. No. 15-90085-MM |
| _____ ) | |
| ) | |
| KENNETH BROWN, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **MEMORANDUM**[*] |
| ) | |
| CHRISTOPHER BARCLAY, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Argued and Submitted on November 30, 2017
at Pasadena, California

Filed - May 21, 2018

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Margaret M. Mann, Bankruptcy Judge, Presiding

———————————————

Appearances: Christopher Bush argued for appellant; Yosina Lissebeck argued for appellee.

———————————————

Before: ALSTON,[**] KURTZ, and SPRAKER, Bankruptcy Judges.

Memorandum by Judge Alston
Concurrence by Judge Spraker

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[**] Hon. Christopher M. Alston, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

## I. INTRODUCTION

After the bankruptcy court converted the bankruptcy case of the debtor, Jason Brown ("Jason"),[1] from chapter 13[2] to chapter 7, the chapter 7 trustee, Christopher Barclay ("Barclay"), brought an adversary proceeding to recover post-petition transfers of inheritance proceeds made by Jason to his three brothers, Kenneth Brown ("Kenneth"), Christopher Brown ("Christopher"), and Curtis Brown ("Curtis"), prior to conversion. The bankruptcy court granted partial summary judgment to Barclay and ultimately entered judgment in favor of Barclay against the three brothers. Kenneth appealed, arguing that post-conversion the transferred inheritance proceeds no longer constituted property of the estate under sections 348(f)(1) and (2), preventing Barclay from avoiding the transfers under section 549(a). Because Jason's transfers to his brothers were not ordinary and necessary expenses, and therefore section 348(f)(1)(A) did not remove the inheritance proceeds from the estate, we AFFIRM.

## II. FACTS

Our prior decision affirming the bankruptcy court's conversion order set forth most of the pertinent facts.[3] For ease of reference, we restate them here as necessary.

### A. Jason Inherits from His Father's Estate.

In 2012, Herbert P. Brown, the father of Jason, Kenneth,

---

[1] Because the appellant, the other defendants, and the debtor in this appeal share the same surname, we refer to them by their first name for ease of reference. No disrespect is intended.

[2] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[3] See Brown v. Billingslea, BAP No. SC-14-1388-JuKlPa (9th Cir. BAP 2015).

-2-

Christopher, and Curtis, died intestate as a resident of San Diego County, California. Kenneth, Christopher, and Curtis executed Assignments of Beneficial Interests, in which they assigned and abandoned to Jason their beneficial interests in their father's estate. Jason, as personal representative for his father's estate, filed these documents in the state court probate proceedings in 2013. The bankruptcy court found that Jason, as the filer of the assignments, was clearly aware of the documents.

The only asset of the probate estate was a single family residence in Oceanside, California. An inventory and appraisal filed in the state court probate proceeding in late 2013 valued this asset at $240,000. Jason, as personal representative of the probate estate, arranged to sell the asset. The bankruptcy court inferred Jason obtained a sale prior to commencing his bankruptcy case because escrow of the asset closed three days after he filed his bankruptcy petition. The property sold for $289,000.

**B.   Jason Files a Chapter 13 Case While the State Court Probate Proceedings are Ongoing.**

Jason commenced his chapter 13 case on December 13, 2013, and filed his schedules and chapter 13 plan eleven days later. Jason scheduled an "anticipated inheritance" with a stated value of $2,500, which he exempted in full under California Code of Civil Procedure section 703.140(b)(5). His chapter 13 plan proposed monthly payments of $520, repayment of three secured creditors, and no distribution to non-priority unsecured creditors.

Shortly after Jason filed his chapter 13 case, the probate estate received net proceeds of $64,267.97 from the sale of the real property. In the state court probate proceeding, Jason filed a

-3-

Petition for Waiver of Account, for Distribution, for Statutory Attorney's Fees and for Waiver of Statutory Personal Representative's Fee in early 2014. In this court filing, Jason maintained the probate estate owed only statutory attorney's fees of $8,780 and had no other liabilities. His petition specifically noted the assignments filed by his brothers and requested that the entire net proceeds be disbursed solely to him. On April 1, 2014, the Superior Court of San Diego County entered an order and decree approving the petition and ordering the distribution of the entirety of the net proceeds of the estate, $55,487.97 (the "Inheritance Proceeds"), solely to Jason. During his chapter 13 case, without notice or court authority, Jason distributed to each brother $12,372, one quarter shares of the net Inheritance Proceeds.

Jason's proposed chapter 13 plan drew objections from a secured creditor and the chapter 13 trustee. After learning of the unauthorized transfers to the brothers, the chapter 13 trustee moved for conversion of Jason's case to chapter 7 under section 1307(c), asserting Jason abused the bankruptcy system. At the hearing, Jason admitted that he had either spent or transferred to his brothers the entirety of the Inheritance Proceeds and was unable to give an accounting or a satisfactory explanation for his low valuation of the Inheritance Proceeds in his schedules. Jason argued the bankruptcy court should allow him to remain in chapter 13 in order to pursue a 100% plan, and alternatively requested dismissal of his case instead of conversion. The bankruptcy court, however, rejected Jason's requests, concluded Jason had abused the bankruptcy system, and converted the case to chapter 7 under section 1307(c) for cause. At the time of the hearing, the bankruptcy court declined to find that

-4-

Jason had acted in bad faith, but the court later made that finding in its ruling on Jason's motion for reconsideration of the conversion. This Panel affirmed the ruling on Jason's appeal of the conversion. Brown v. Billingslea, supra.

**C.    Barclay Commences an Adversary Proceeding Against Jason and His Brothers.**

Barclay was appointed as chapter 7 trustee. Jason filed post-conversion bankruptcy schedules, listing the full value of the Inheritance Proceeds and claiming an $18,725 exemption in them.

Barclay filed a complaint in May 2015 that he subsequently amended, asserting claims of conversion and avoidance of post-petition transfer under section 549 against Kenneth, Christopher, and Curtis. Barclay also asserted claims against Jason for conversion and denial of discharge under sections 727(a)(2)(A) and (B), 727(a)(3), 727(a)(4), 727(a)(5), and 727(c). Only the avoidance claims are at issue in this appeal.

Barclay filed a motion for summary judgment in May 2016. Jason opposed the motion arguing that section 348(f) excluded the Inheritance Proceeds from the chapter 7 estate upon conversion from chapter 13 because they had left his possession and control, preventing Barclay from seeking return of the Inheritance Proceeds. Jason's three brothers submitted their own response, joining in Jason's opposition and also asserting they received the transfers in good faith.

After a hearing, the bankruptcy court ruled that Barclay was entitled to summary judgment against Kenneth, Christopher, and Curtis on the avoidance claim. The court recognized that the parties did not dispute that the Inheritance Proceeds had been property of the chapter

-5-

13 estate. The bankruptcy court then held that the Inheritance Proceeds became property of the chapter 7 estate under section 348(f)(2) because Jason's case was converted from chapter 13 to 7 as a result of his bad faith conduct. Alternatively, the bankruptcy court ruled that under section 348(f)(1), the Inheritance Proceeds remained in Jason's control because he held a claim against his brothers for return of the Inheritance Proceeds at the time of conversion. Under both subsections 348(f)(1) and (2) the bankruptcy court concluded that the Inheritance Proceeds remained property of the chapter 7 estate, allowing Barclay to pursue them under section 549.

The bankruptcy court denied summary judgment as to the conversion claim as an unnecessary cause of action.

Jason first appealed the bankruptcy court's order to this Panel in July 2016, which we dismissed as interlocutory. After dismissal of the first appeal, Barclay filed a motion for entry of partial judgment as to all claims in the complaint against Kenneth, Christopher, and Curtis. Over the objections of the defendants, the bankruptcy court granted the motion and entered partial judgment against Kenneth, Christopher, and Curtis for $12,372 each.

Kenneth and Jason then appealed both the order granting partial summary judgment and the partial judgment. Because Barclay's claims against Jason remained unresolved, this Panel again dismissed the appeal as interlocutory. Barclay and Jason then stipulated to the dismissal of the remaining claims against Jason, and the bankruptcy court entered an order dismissing Jason from the adversary proceeding on February 28, 2017. The order dismissing the claims against Jason thus fully resolved the adversary proceeding. Kenneth timely filed this appeal on March 6, 2017, appealing both the order granting

partial summary judgment and the partial judgment.

## III. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (E). This Panel has jurisdiction pursuant to 28 U.S.C. § 158(c).

## IV. ISSUE

Whether the bankruptcy court erred in determining that the Inheritance Proceeds were property of the estate post-conversion under section 348(f)(1) or (2) so that Barclay could avoid the transfers to Kenneth, Christopher, and Curtis under section 549.

## V. STANDARD OF REVIEW

This Panel reviews the bankruptcy court's conclusions of law de novo. Wyle v. Pac. Mar. Ass'n (In re Pac. Far East Line, Inc.), 713 F.2d 476, 478 (9th Cir. 1983). The parties agree that there are no disputed facts in this case. This Panel may affirm on any ground supported by the record. ASARCO, LLC, v. Union Pac. R. Co., 765 F.3d 999, 1004 (9th Cir. 2014).

## VI. DISCUSSION

**A. Kenneth Preserved His Issue for Appeal.**

Barclay first argues this Panel should dismiss this appeal because Kenneth makes new arguments that he did not raise in his opposition to Barclay's motion for summary judgment. Barclay contends Kenneth did not previously assert that the Inheritance Proceeds are not property of the chapter 7 estate under subsections 348(f)(1) and (2) and therefore unreachable by Barclay under section 549.

Usually, "a federal appellate court does not consider an issue not passed upon below." Mano-Y & M, Ltd., v. Field (In re Mortgage Store, Inc.), 773 F.3d. 990, 998 (9th Cir. 2014) (citing Singleton v.

-7-

_Wulff_, 428 U.S. 106, 120 (1976)). "A litigant may waive an issue by failing to raise it in a bankruptcy court." _Id._ (citing _Kieslich v. United States (In re Kieslich)_, 258 F.3d 968, 971 (9th Cir. 2001); _Price v. Lehtinen (In re Lehtinen)_, 332 B.R. 404, 411 (9th Cir. BAP 2005)). Although federal appellate courts have discretion to hear arguments raised for the first time on appeal, the Ninth Circuit declines to do so absent "exceptional circumstances:" (1) when review is required to "prevent a miscarriage of justice or to preserve the integrity of the judicial process," (2) "when a new issue arises while appeal is pending because of a change in the law," and (3) "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." _Id._ (citing _In re Mercury Interactive Corp. Sec. Litig._, 618 F.3d 988, 992 (9th Cir. 2010)(internal citation omitted)).

Barclay's position misstates the underlying facts. Unlike _In re Mortgage Store_, where the Plaintiff raised an entirely new issue on appeal, the bankruptcy court squarely decided the issue of law that Kenneth now appeals. Barclay asserts that Jason, not Kenneth, raised the argument, and consequently Kenneth may not argue the issue on appeal. The three brothers, however, began their response to Barclay's motion for summary judgment with the statement, "CURTIS BROWN, KENNETH BROWN, AND CHRISTOPHER BROWN (hereinafter "Defendants") respectfully _joinder_ [sic] in the Debtor's Opposition to the Motion for Summary Judgment on file herein." (capitalization and emphasis in the original.) Their response continues by clarifying that the remaining arguments are asserted in addition to those Jason raised regarding sections 348(f)(1) and (2). Kenneth therefore clearly incorporated Jason's arguments into his own response to Barclay's

-8-

motion. This Panel therefore denies Barclay's request for dismissal of the appeal.

**B. The Inheritance Proceeds Constituted Property of the Estate in the Converted Case, thus Allowing Barclay to Recover from the Brothers as Recipients of Unauthorized Transfers.**

Kenneth asks this Panel to reverse the bankruptcy court's determination that the transfer of the Inheritance Proceeds to the brothers could be avoided by Barclay under section 549. Under that section, a trustee "may avoid a transfer of property of the estate— (1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." 11 U.S.C. § 549(a). This Panel has stated previously that a prima facie case under section 549 requires the trustee to prove: "(1) a transfer (2) of estate property; (3) that occurred after the commencement of the case; and (4) that was not authorized by statute or the court." Fursman, et al v. Ulrich (In re First Protection, Inc.), 440 B.R. 821, 827-28 (9th Cir. BAP 2010). The parties do not dispute that Jason made a post-petition transfer to Kenneth without notice or court approval. Kenneth only disputes that the Inheritance Proceeds constituted property of the estate that Barclay could recover during the chapter 7 case under section 549.

Considering section 348(a), this Panel has stated that "the trustee was vested with avoidance rights under [section] 549 from the commencement of Debtors' case," and allowed a chapter 7 trustee to pursue transfers of estate property that occurred prior to the conversion of the bankruptcy case from chapter 11 to chapter 7. In re First Protection, Inc., 440 B.R. at 832. To the extent that

there is any dispute that Barclay can seek to unwind a post-petition, pre-conversion transfer, it is resolved by this Panel's prior ruling in In re First Protection.

Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). At the time that Jason commenced his bankruptcy case, his father had passed away, the probate case had commenced, and his brothers had assigned their beneficial interests to him. His legal interest in his father's estate therefore existed at the time of his bankruptcy and was an asset of the estate. The Inheritance Proceeds also became property of the estate when this interest was liquidated through the sale of his father's home.[4] Finally, Jason received the Inheritance Proceeds in April 2014, within 180 days of filing the petition,[5] making the funds property of the estate under section 541(a)(5)(A).[6] The Inheritance Proceeds were therefore property of the estate when Jason filed his chapter 13 petition.

---

[4] Property of the estate includes "[p]roceeds, product, offspring, rents, or profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case." 11. U.S.C. § 541(a)(6).

[5] The record is not clear on the exact date Jason actually received the funds, but the state court's order allowing disbursement, the timing of the majority of the transfers to the brothers, and the chapter 13 trustee's objection to confirmation indicate that the money was disbursed in April 2014. Jason's petition date was December 13, 2013, and the statutory 180-day period would have run on June 11, 2014.

[6] Property of the estate also includes "[a]ny interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—(A) by bequest, devise, or inheritance." 11. U.S.C. § 541(a)(5)(A).

Kenneth argues, though, that under a plain reading of section 348(f), which defines property of the estate in a case converted from chapter 13 to another chapter, the Inheritance Proceeds were no longer property of the estate after conversion of Jason's case. Kenneth contends that, as a consequence, Barclay could not recover any monies from the brothers an unauthorized transfers of property of the chapter 7 estate under section 549.

**1. Jason Did Not Have Possession or Control of the Inheritance Proceeds on the Date of Conversion.**

The bankruptcy court ruled that the Inheritance Proceeds remained property of Jason's chapter 7 estate under section 348(f)(1)(A). This section provides that property of the estate in a case converted from chapter 13 includes "property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion." 11 U.S.C. § 348(f)(1)(A). The bankruptcy court determined that because Jason had the power to avoid the transfers under section 549 while in chapter 13, he maintained control of the Inheritance Proceeds until conversion.[7]

This Panel begins by looking to the plain language of the

---

[7] In addition to arguing that the plain meaning of section 348(f)(1)(A) prevents the Inheritance Proceeds from becoming property of the estate, Kenneth also argues that the bankruptcy court erred in determining that the debtor's section 549 avoidance powers were property of the estate that passed to Barclay upon conversion. Although Kenneth is correct, see section 541(a)(3) and (4); In re Sweetwater, 55 B.R. 724, 731 (D. Utah 1985), rev'd on other grounds, 884 F.2d 1323 (10th Cir. 1989), the bankruptcy court did not determine that the 549 avoidance powers were property of the estate. Rather, the bankruptcy court determined that the avoidance powers held concurrently by Jason and the chapter 13 trustee under Houston v. Eiler (In re Cohen), 305 B.R. 886, 889 (9th Cir. BAP 2004), gave Jason control over the transferred Inheritance Proceeds such that they remained property of the estate under section 348(f)(1)(A).

-11-

statute. Where the language of a statute is plain and has only one meaning, this Panel follows the plain language whenever possible. Warfield v. Salazar (In re Salazar), 465 B.R. 875, 879 (9th Cir. BAP 2012). "We must presume that every word of a statute was included for a purpose." Id. (citing Ratzlaf v. United States, 510 U.S. 135, 140-41, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994); United States v. Andrews, 600 F.3d 1167, 1173 (9th Cir. 2010) (Clifton, J., concurring)). In Salazar, this Panel considered dictionary definitions to determine the plain meaning of "possession" and "remain" under section 348(f)(1)(A). 465 B.R. 879-80. The Panel determined that the meaning of "remain" is "'to be a part not destroyed, taken, or used up,' or 'to continue unchanged." Id. at 880. We did not determine the meaning of "control." Id.

To "control" means to "direct or supervise," to "limit or regulate something." See Oxford American Dictionary, (Second Ed. 2008). Section 549 did not give Jason control over the transferred Inheritance Proceeds during his chapter 13 case within the meaning of section 348(f)(1)(A). Jason transferred the Inheritance Proceeds to his brothers in cash and check; there is no evidence that he maintained any power to direct or limit the brothers' use of the transferred Inheritance Proceeds. At best, Jason had a claim against his brothers and a right to initiate a lawsuit against them to attempt to recover the Inheritance Proceeds. To determine that such a claim and right give Jason control of the Inheritance Proceeds presupposes that his lawsuit will succeed, and until that claim is adjudicated, he has no legal right to recover the Inheritance Proceeds from his brothers. Thus, the bankruptcy court erred by concluding the Inheritance Proceeds remained property of Jason's chapter 7 estate

under section 348(f)(1)(A) because Jason maintained control over them.

**2. Because the Proceeds Distributed to the Brothers Were Not used for Ordinary Expenses of the Debtor, the Proceeds Remained Property of the Estate Recoverable Under Section 549.**

Even though the bankruptcy court erred by ruling Jason had possession or control of the Inheritance Proceeds at the time of conversion, we may affirm on any grounds supported by the record. In re Frontier Properties, Inc., 979 F.2d 1358, 1364 (9th Cir.1992). The Inheritance Proceeds Jason transferred to his brothers became property of estate in the converted case under section 348(f)(1) because Jason did not use those particular funds for ordinary and necessary living expenses.

Declining to strictly apply the plain language of section 348(f)(1)(A), this Panel and other courts have consistently imposed a good faith requirement when a case is converted from chapter 13 to another chapter. In Salazar, we held that, under section 348(f)(1)(A), the debtor's use of estate property in chapter 13 prior to conversion to chapter 7 is subject to "good faith" scrutiny. 465 B.R. at 880. Salazar relied on Bogdanov v. LaFlamme (In re LaFlamme), 397 B.R. 194, 201 (Bankr. D.N.H. 2008), which held that because debtors have an "implicit right" to use property of the chapter 13 estate, a debtor may use that property for "ordinary" and "necessary" living expenses while in chapter 13.

A decision from the Eastern District of New York examining Salazar and LaFlamme provides further guidance. The court in Pagano v. Pergament, 2012 WL 1828854 (E.D.N.Y. May 16, 2012), noted that "in enacting [s]ection 348(f), Congress intended to equalize the treatment

-13-

of a debtor in a Chapter 13 case that is subsequently converted to a Chapter 7 case with the treatment of a debtor who filed a Chapter 7 petition originally." Pergament at *4-5. That code section, however, "was never designed to be a safe harbor for debtors who fraudulently and surreptitiously dispose of property of the estate while in chapter 13." Id. The Pergament court ultimately adopted the approach of LaFlamme, holding courts should not "reward shenanigans by debtors in failing Chapter 13 cases," and declaring a debtor's use of chapter 13 assets needs to be for ordinary and necessary living expenses and the conversion to chapter 7 cannot be in bad faith. Pergament, 2012 WL 1828854, at *5-6.

Legislative history bolsters this interpretation of the statute. When Congress amended section 348, it declared an intention to clarify the Bankruptcy Code to resolve a split in the case law about what property is in the bankruptcy estate when a debtor converts from chapter 13 to chapter 7. Congress expressly overruled cases such as Matter of Lybrook, 951 F.2d 136 (7th Cir. 1991), which held that if the case is converted, all after-acquired property becomes part of the estate in the converted chapter 7 case, and adopted In re Bobroff, 766 F.2d 797 (3d Cir. 1985), which held that the property of the estate in a converted case is the property the debtor had when the original chapter 13 petition was filed. 140 Cong. Rec. H10752-01, 1994 WL 545773 (Oct. 4, 1994), 1994 U.S. Code Cong. & Admin. News 3366.

One court noted that by adopting In re Bobroff in its enactment of section 348(f)(1)(A), "Congress intended to avoid penalizing debtors for their chapter 13 efforts by placing them in the same economic position they would have occupied if they had filed chapter 7

-14-

originally." Wyss v. Fobber (In re Fobber), 256 B.R. 268, 278 (Bankr. E.D. Tenn. 2012). Congress also expressly stated the amendment to section 348 gives the court discretion, in a case in which the debtor has abused the right to convert and converted in bad faith, to order that all property held at the time of conversion shall constitute property of the estate in the converted case." 140 Cong. Rec. H1075201, 1994 WL 545773 (Oct. 4, 1994), 1994 U.S. Code Cong. & Admin. News 3366.

The court in In re Tobkin, 2013 WL 1292679 (Bankr. S.D. Fla. 2013), examined LaFlamme, Pergament, and Salazar, and concluded those cases support the proposition that Congress did not intend section 348(f)(1)(A) to allow debtors to freely dispose of property during chapter 13 proceedings that would otherwise have been part of the chapter 7 estate had the case been originally filed under chapter 7. Section 348(f)(1) only shields assets from becoming property of the estate if the debtor used the assets for "ordinary" and "necessary" living expenses prior to conversion. Tobkin, 2013 WL 1292679, at *4. Under Tobkin, property of the chapter 13 estate on the petition date which later leaves the debtor's possession or control, but was not used for ordinary and necessary expenses, flows into the chapter 7 estate upon conversion.

Under the test this Panel adopted in Salazar, which is supported by LaFlamme, Pergament, and Tobkin, the Inheritance Proceeds are property of the chapter 7 estate. The Inheritance Proceeds were property of Jason's estate as of the petition date. Jason never asserted his transfer of the Inheritance Proceeds to his brothers was done to pay his ordinary and necessary living expenses. On the contrary, the bankruptcy court determined that Jason's use of the

-15-

monies was an abuse of the bankruptcy system. Kenneth has not challenged that determination in this appeal. Therefore, despite Jason's transfer of the Inheritance Proceeds, the proceeds remained property of the estate in the converted chapter 7 case; their inclusion in the estate was not affected by the conversion. The bankruptcy court's conclusion of law that the Inheritance Proceeds which Jason transferred to Kenneth remained property of the chapter 7 estate under section 348(f)(1) that could be recovered under section 549 was not error, and we affirm. Because we do so, we need not reach the bankruptcy court's alternative conclusion that section 348(f)(2) applies.

## VII. CONCLUSION

The bankruptcy court correctly determined that the Inheritance Proceeds were recoverable by Barclay under section 549 because the transferred Inheritance Proceeds remained property of the post-conversion estate under section 348(f)(1)(A). For all of the reasons set forth above, we AFFIRM the bankruptcy court's order granting summary judgment and partial judgment.

Concurrence begins on next page.

-16-

SPRAKER, Bankruptcy Judge, concurring:

I concur in the result reached. I write separately, however, because while Salazar portends the result we now reach, it did not address the basis by which a chapter 7 trustee recovers estate property improperly transferred postpetition but prior to conversion from chapter 13 to chapter 7.[1] Section 549(a) specifically provides, with exceptions not pertinent here, that a trustee may avoid the unauthorized postpetition transfer of property of the estate. Kenneth acknowledges that the chapter 13 trustee could have challenged Jason's payment to him, but argues that the chapter 7 trustee is without remedy to recover the monies because the transfer did not occur while Jason's case was in chapter 7. In short, Kenneth asks the court to read an additional requirement into the statute to limit recovery under section 549(a) to only those transfers that occur while the bankruptcy case is within that chapter.

A trustee establishes a prima facie case under section 549(a) upon presenting evidence of: "(1) a transfer (2) of estate property; (3) that occurred after the commencement of the case; and (4) that was not authorized by statute or the court." Fursman v. Ulrich (In re First Protection, Inc.), 440 B.R. 821, 827-28 (9th Cir. BAP 2010). Section 549(a) requires only that the transfer occur postpetition. This is because there is only one bankruptcy filing regardless of conversion. Id. at 832 (citing § 348(a)). For this very reason, the chapter 7 trustee in First Protection was able to recover an unauthorized transfer made by the debtor while it was in chapter 11.

---

[1] Salazar involved a claim for turnover against the debtor whereas the trustee here asserts an avoidance claim under section 549(a).

-1-

Kenneth argues that section 348(f) alters this analysis when a case is converted from chapter 13 to chapter 7. He argues that because the money at issue was transferred by Jason preconversion while he was in chapter 13, it was no longer property of the estate. Under either section 348(f)(1) or (2), Kenneth notes that only property of the chapter 13 estate remaining upon conversion passes through to the chapter 7 estate. Because he received his payment postpetition but prior to conversion, Kenneth concludes that there was nothing to pass from the chapter 13 estate to the chapter 7 estate upon conversion.

The money Jason transferred to Kenneth was no longer property of the estate at the time of conversion, but that is irrelevant to the trustee's claims. Upon the unauthorized postpetition transfer, a claim arose under section 549(a). That claim vested in the trustee the right to remedy the wrongful transfer and protect the creditors of the estate. See Schawartz v. United States (In re Schwartz), 954 F.2d 569, 573-74 (9th Cir. 1992). Because the avoidance claim vested postpetition and accrues to the trustee, such claim is not property of the estate and is unaffected by conversion under section 348(f).

In its broadest form, property of the estate includes "all legal or equitable interests **of the debtor in property** as of the commencement of the case." § 541(a)(1) (emphasis added). Additionally, property of the estate includes proceeds of property of the estate, as well as any interests that the estate may acquire after commencement of the case. §§ 541(a)(5), (7). In chapter 13, section 1306(a)(1) augments the estate to include not only those interests defined under section 541(a) but also "all property of the kind specified in such section that the **debtor acquires** after the

-2-

commencement of the case but before the case is closed, dismissed, or converted to chapter 7, 11, or 12 of this title, whichever occurs first." (Emphasis added.) This includes the debtor's earnings from postpetition services. § 1306(a)(2).

In contrast to property of the estate, which is defined by what interests the debtor may have or acquire under nonbankruptcy law, the trustee's avoiding powers have no existence independent of the bankruptcy case and never accrue to the debtor.[2] In other words, the trustee's avoidance claims arise, if at all, postpetition and vest in the trustee as the representative of the bankruptcy estate. §§ 544(a), 547(b), 548(a)(1), 549(a).

Section 541(a) recognizes the dichotomy between an avoidance claim and the recovery upon such claim. Subsection (a)(3) defines property of the estate to specifically include recoveries from avoidance actions, but section 541(a) omits any reference to the underlying avoidance claims. Thus, some courts conclude that it "is quite clear that it is only the property . . . of a successful avoidance action that in fact becomes property of the estate." Moyer v. ABN Amro Mortg. Grp., Inc. (In re Feringa), 376 B.R. 614, 624

---

[2] Debtors in possession under chapter 11 also may utilize the trustee's avoiding powers. § 1107(a); Brookview Apartments, LLC v. Bronson Family Tr. (In re Know Weigh, L.L.C.), 576 B.R. 189, 206 (Bankr. C.D. Cal. 2017); Shults & Tamm v. Tobey (In re Hawaiian Telcom Commc'ns, Inc.), 483 B.R. 217, 221(Bankr. D. Haw. 2012). And, this panel has held chapter 13 debtors have "statutory standing to exercise the trustee's avoiding power as provided in their chapter 13 plan as a means to fund the plan." Houston v. Eiler (In re Cohen), 305 B.R. 886, 900 (9th Cir. BAP 2004). In certain instances not applicable here, a debtor may also step into the shoes of the trustee and maintain an avoidance action, or exempt a recovery from an avoidance action. §§ 522(g) and (h). Yet, a debtor's authority to bring an avoidance action always derives from the trustee's powers. There is no distinct statutory authority directly empowering debtors to bring their own avoidance actions.

-3-

(Bankr. W.D. Mich. 2007);[3] see also In re Bruner, 561 B.R. at 405 ("It is not until the transfer is avoided under section 549(a) that the property becomes property of the estate.").

The exact nature of the trustee's statutory avoidance claims remains unsettled.[4] Most often the question arises as part of an estate's efforts to transfer such claims. The bankruptcy court in Robinson v. First Fin. Capital Mgmt. Corp. (In re Sweetwater), 55 B.R. 724 (D. Utah 1985), rev'd on other grounds, 884 F.2d 1323 (10th Cir. 1989), wrestled with the nature of avoidance actions while considering

---

[3] In re Feringa demonstrates another mischievous ramification concerning the nature of an avoidance action. There, a chapter 7 trustee mistakenly closed the case before pursuing a preference action. After setting aside the order closing the case, the trustee filed the preference action. The preference defendant moved to dismiss the preference claim, arguing that it had been technically abandoned upon the closing of the case. The court rejected this argument, finding that the "trustee's ability to avoid a lien under any of the pertinent bankruptcy sections is a power as opposed to an interest in property itself." Id. at 624.

[4] The exact nature of the trustee's avoidance powers is not as significant as the fact that the claims existed at the time of conversion to remedy the unauthorized postpetition transfer. The claim under section 549(a) arguably could be viewed as property of the estate under either sections 541(a)(5) or (7). See Nat'l Labor Rel. Bd. v. Martin Arsham Sewing Co., 873 F.2d 884, 887 (6th Cir. 1989); In re MortgageAmerica Corp., 714 F.2d 1266, 1275 (5th Cir. 1983). Subsection (a)(5) provides that proceeds of property of the estate are also property of the estate. Here, the avoidance claims arguably could be considered proceeds of the money. See HR Rep. No. 95-595, at 368 (1977); S. Rep. No. 95-989, at 83 (1978) ("The term 'proceeds' as used in this section is not to be read in the confining sense as defined in the UCC, but is intended to be a broad term to encompass all proceeds of property of the estate.") Additionally, section 541(a)(7) captures "any interest in property that the estate acquires after the commencement of the case." Section 541(a)(7) "is confined to property interests that are themselves traceable to 'property of the estate' or generated in the normal course of a debtor's business." In re Townside Constr., Inc., 2018 WL 1352698, at *4 (Bankr. W.D. Va. Mar. 14, 2018)(citing In re TMT Procurement Corp., 764 F.3d 512, 523 (5th Cir. 2014)); Shields v. Adams (In re Adams), 453 B.R. 774, 780 (Bankr. N.D. Ala. 2011). If the avoidance claim itself is treated as property of the estate, it necessarily passed to the chapter 7 estate as the claims existed as of the conversion. But see In re Adams, 453 B.R. at 780.

-4-

the assignability of the estate's claims. It reasoned:

> The avoiding powers are not "property" but a statutorily created power to recover property. The plaintiff's argument ignores the simple fact that Congress gave those powers to the trustee and no one else. The powers belong to the debtor in possession only because he stands in the shoes of the trustee. "Property of the estate," on the other hand is that property that belonged to the debtor in his own right or that the estate later acquires.

Id. at 731; see also Cybergenics Corp. v. Chinery (In re Cybergenics Corp.), 226 F.3d 237, 244 (3rd Cir. 2000) ("The fact that section 544(b) authorizes a debtor in possession, such as Cybergenics, to avoid a transfer using a creditor's fraudulent transfer action does not mean that the fraudulent transfer action is actually an asset of the debtor in possession, nor should it be confused with the separate authority of a trustee or debtor in possession to pursue the prepetition debtor's causes of action that become property of the estate upon the filing of the bankruptcy petition."); In re Adams, 453 B.R. at 780 (turnover claims not property of the estate); see generally Westphal v. Norwest Bank (In re Missouri River Sand & Gravel, Inc.), 86 B.R. 1006, 1012 (Bankr. N.D. 1988).

The Ninth Circuit Court of Appeals has similarly considered a bankruptcy estate's ability to assign avoidance claims. In 1930, the Ninth Circuit held in Grass v. Osborn, 39 F.2d 461 (9th Cir. 1930), that the trustee's "avoidance powers" could not be transferred under the Bankruptcy Act. In Briggs v. Kent (In re Prof'l Inv. Props.), 955 F.2d 623, 626 (9th Cir. 1992), the Ninth Circuit held that the adoption of section 1123(b)(3)(B) statutorily superseded the rule adopted by Grass by vesting matters involving the settlement and enforcement of bankruptcy plans to "the debtor, by the trustee, or by a representative appointed for that purpose." In Duckor Spradling &

-5-

Metzger v. Baum Tr. (In re P.R.T.C., Inc.), 177 F.3d 774, 781 (9th Cir. 1999), the Ninth Circuit clarified that "a trustee can transfer its avoidance powers: (1) pursuant to a Chapter 11 reorganization plan, or (2) outside a Chapter 11 reorganization plan, when a creditor is pursuing interests common to all creditors." See also Simantob v. Claims Prosecutor, L.L.C. (In re Lahijani), 325 B.R. 282, 288 (9th Cir. BAP 2005).

Although the Ninth Circuit has repeatedly held that estates and trustees may transfer their avoidance claims, it has never specifically examined the nature of such claims. But, the Ninth Circuit has consistently referred to them as "avoidance powers" vested in the trustee. In re P.R.T.C., Inc., 177 F.3d at 782 ("the bankruptcy court did not err by holding that the trustees could transfers their avoidance powers."); In re Prof'l Inv. Props. of Am., 955 F.2d at 626 (9th Cir. 1992) ("If a creditor is pursuing interests common to all creditors or is appointed for the purpose of enforcement of the plan, he may exercise the trustee's avoidance powers"). The Ninth Circuit's recognition of the trustee's avoidance powers, consistent with the statutory rubric creating such rights, demonstrates that the resulting claims are not property of the estate as defined by section 541(a). Accordingly, the trustee's avoidance powers under section 549(a) were unaffected by the conversion of the bankruptcy case from one chapter to another as recognized in First Protection.[5]

[5] As detailed above, the distribution Jason received on account of his vested right in his father's probate estate was prepetition property of the estate. Accordingly, the chapter 7 estate was harmed by the unauthorized transfer by Jason to Kenneth, and section 549(a)
(continued...)

-6-

In sum, upon Jason's unauthorized, postpetition transfer of part of the Inheritance Proceeds to Kenneth, a claim under section 549(a) accrued in the trustee to recover those funds for the benefit of the bankruptcy estate. That claim existed as of the conversion date. Technically, the claim under section 549(a) was not property of the bankruptcy estate and passed to the chapter 7 trustee upon conversion of the chapter 13 case unaffected by section 348(f).

---

[5](...continued)
provides the statutory means to remedy that harm. A more difficult question may arise if the unauthorized transfer within a chapter 13 involved postpetition property that became property of that estate only through section 1306(a). As this situation is not before the court, the parties have not briefed the issue and it will not be considered further.